DUNLAP vs. NEWMAN ET AL.

[BILL IN EQUITY BY NON-RESIDENT TO SUBJECT TO PAYMENT OF PROMISSORY
NOTE THE ESTATE OF MAKER IN THE HANDS OF HEIRS-AT-LAW.]

1. *Administrator, promissory note payable to; when may maintain action thereon in his own name.*—If an administrator in North Carolina, on his final settlement there, is charged with, and accounts for a note, given to him as administrator, by a resident of Alabama, for property purchased at a sale of his intestate's estate, the note thereby becomes his property, and he may maintain an action on it, in his own name, whether the sale was or was not made by authority of law.

2. *Bill in equity; when may be filed to subject estate of maker of such note, in hands of heirs.*—On the death of the maker of such a note, in this State, if his children, without administration, take possession of and convert his estate to their own use, it becomes a fund in their hands, which the payée of said note may subject to its payment, by a bill in equity filed for that purpose. In such a case, there is no adequate remedy at law.

3. *Administration, court granted by; what allegation sufficient as to.*—In such a bill, it is sufficient to state that the complainant was *duly appointed* administrator in North Carolina, without stating the particular court or authority by which the appointment was made.

4. *Final settlement; what allegation as to, sufficient.*—Where the bill states that the final settlement, &c. was made in the court of pleas and quarter sessions of Moore county, North Carolina, this is sufficient, without stating the said court had jurisdiction to make said settlement. *Prima facie*, it is to be presumed the court had jurisdiction.

APPEAL from the Chancery Court of Clarke.
Heard before the Hon. A. W. DILLARD.

THIS was a bill in equity exhibited by Joseph T. Dunlap, in his own right, against the heirs-at-law of Thomas Boroughs, deceased, and sought to subject the estate of said Boroughs, "which was in the custody and control" of defendants, his children and heirs-at-law, to the payment of a note given by said Thomas Boroughs to said Dunlap, as administrator of Bryan Boroughs, in payment of property purchased by said Thomas at a sale of the effects of said Bryan, on 3d of January, 1855, said Dunlap

having been charged with said note on his final settlement, and there having been no administration or letters testamentary taken out upon the estate of said Thomas Burroughs.

The bill, which was filed October 5th, 1868, omitting the formal parts, was as follows :

"Sheweth unto your honor, your orator, Joseph F. Dunlap, a resident of the county of Moore, and State of North Carolina,—

1st. That one Bryan Boroughs died prior to 1855, in the county and State aforesaid, and that your orator was duly appointed in said State administrator of his estate.

"2d. That at a sale of the effects of the estate of the said decedent, made on 3d day of January, 1855, one Thomas Boroughs, then a resident of the county of Clarke, and State of Alabama, became a purchaser to the amount of eleven hundred and fifteen dollars, and to secure the payment of the purchase-money he delivered to your orator his writing obligatory, executed by him and one E. W. Boroughs, for the said sum of eleven hundred and fifteen dollars, payable to your orator, as administrator as aforesaid, bearing date 3d day of January, 1855, and due six months after the date thereof, which said writing obligatory is hereto attached, marked 'Exhibit A.' [This note was under seal.]

"3d. Your orator further charges, that no part of said note has ever been paid; but that, on the final settlement of the estate of the said Bryan Boroughs, deceased, made in the court of pleas and quarter sessions of Moore county, and State of North Carolina, at the January term of 1860, a decree was rendered against your orator as administrator as aforesaid, in favor of the said Thomas Boroughs, who was one of the heirs-at-law of the said Bryan Boroughs, deceased, for the sum of eight hundred and sixty 78-100 dollars; and on said settlement the amount due your orator by said Thomas Boroughs was accounted for as so much cash in his hands; and your orator further admits, that no part of said decree has been paid by him, because the said Thomas Boroughs, at that time and ever

Dunlap v. Newman et al.

since, has been owing him a larger amount than the said decree, as is shown by his writing obligatory hereto attached as an exhibit, and marked 'A'; and your orator further states, that he has been willing at all times since the date of the said decree to allow the same as a set-off and a credit on the said writing obligatory, and is now willing to allow the same as a set-off and credit on his said claim, provided the defendants hereinafter named will execute and deliver to your orator a release and receipt in full of said decree.

" 4th. Your orator further charges, that the said Thomas Boroughs died in the county of Clarke, and State of Alabama, in the early part of the year 1867, and that there have been no letters testamentary or of administration granted on his estate, and that, therefore, there being no legal representative, your orator is remediless at law to enforce the collection of his claim.

" 5th. And your orator further charges, that all the property, both real and personal, which the said Thomas Boroughs left at his death is in the custody of and under the control of his children and heirs-at-law hereinafter named.

" 8th. Your orator charges the truth to be, that the said Thomas Boroughs died possessed of real and personal estate, in said county of Clarke, abundantly sufficient to pay all his just debts and funeral expenses, and that the said heirs have possessed and converted the same to their own uses, without making any satisfaction to your orator for his said claim ; all which actings and doings of the said heirs are contrary to equity and good conscience, and tend to the manifest injury and oppression of your orator.

" Your orator therefore prays that it may be referred to the register of this court to state an account between your orator and the defendants, and ascertain what may be due your orator on his said claim; and further, that the said heirs may be required to set forth in their answer a full and correct description of all the property, both real and personal, which the said Thomas Boroughs had at the time of his death ; and that all of said property, or so much

thereof as may be necessary, except that which is exempt from administration, may, by a decree of this honorable court, be condemned to the satisfaction of your orator's claim ; and your orator further prays for such other and further relief as to your honor shall seem meet."

The heirs-at-law were made parties defendant, and required to answer the several paragraphs on oath.

The bill was demurred to on the following grounds :

"1st. That the complaint does not state any good and sufficient reason why the said Dunlap could not and can not assert, at common law, all the rights which he claims under said bill of complaint.

"2d. And because the allegations in said bill furnish no ground for the interference of a court of chancery, a perfect and complete remedy being given by the common law courts.

"3d. And because said bill does not state that the effects of the estate of the said Bryan Boroughs were sold at public sale, and under and by virtue of an order and decree of the court of pleas and quarter sessions of Moore county, and State of North Carolina.

"4th. That the claim set forth in said bill of complaint is a stale one, and on its face exhibits the fact that it is neither recoverable in a court of law, nor in a court of chancery, even if the court of chancery had jurisdiction.

"5th. That said bill is uncertain, informal, and defective, and on its face offers no reason for the interposition of a court of equity, and because there are not sufficient allegations to support it.

"6th. That said writing obligatory was merged in the decree of the court of pleas and quarter sessions of North Carolina, at the January term of said court, 1860, and that no suit in a court of equity can be maintained upon said writing obligatory, but if said Dunlap has any claim or remedy against the estate of the said Thomas Boroughs, deceased, which this defendant does not admit, it would be due and recoverable in a court of law, and not in a court of chancery."

The court sustained the demurrer, and dismissed the bill, and hence this appeal.

WATTS & TROY, for appellant.—The bill has equity, because it was necessary to have a discovery from the heirs of Thomas Boroughs, who had converted the property of Bryan's estate, and they held this property in trust for the benefit of the creditors of said estate.—Story's Eq. vol. 2, §§ 1250, 1251; *ib.* vol. 1, §§ 455, 456, 457; see, particularly, the case of *Ex parte Walker*, 25 Ala. 100, opinion by Judge LIGON; Story's Eq. vol. 2, §§ 827, 828.

The property of the estate of Thomas Boroughs was certainly liable to pay his debts. This property is held in trust by the heirs and distributees of Thomas Boroughs for the payment of debts; the division amongst themselves and the use of it is a conversion by them of a fund which is a trust fund, first, for the payment of debts; and, secondly, for the distributees and heirs of the estate. The heirs have none but an equitable right; the creditors' right is superior to theirs.

Under such circumstances, it is not necessary that the legal remedy should have been exhausted. A simple contract creditor may file a bill for a discovery, and to prevent the heirs from wasting this trust fund.

The fact that the heirs and distributees had refused, for more than two years before the filing of this bill, to have administration granted on the estate, and have taken possession of the whole estate of Thomas Boroughs, gives the court of equity jurisdiction, even although there is no administration. It was the duty of the heirs to have administration.

The complainant in this case was a non-resident of the State, and could not legally be appointed administrator of the estate of Thomas Boroughs.

In the case of *Ex parte Walker*, *(supra,)* the creditors who filed the bill were simple contract creditors. The fact that some of them had judgments in the State of Georgia, would give them no lien on any property in this State. The fact that the property in the hands of Walker be-

longed to the estate of Watson, of whose estate the complainants were creditors, and was a trust fund, first for the payment of debts, gave the court jurisdiction even against Walker, who was the husband of one of the heirs and distributees of Watson.

Whenever a court of equity takes jurisdiction, even for the purpose of discovery, the court will go further, and render a decree settling the whole equities.—Story's Eq. vol. 1, § —.

The complainant was not barred by the statute of limitations. The note was due 3d July, 1855, and was a note under seal. The remedy was not barred on such a note until ten years had elapsed.—See old Code, § 2476.

Thomas Boroughs resided in Alabama, as the bill shows, and the statute of this State governed.

The time elapsing during the war must be taken out, four years, eight months and ten days, to 21st September, 1865, under ordinance of 1865, and then six months after the death of Thomas Boroughs must also be taken out. So that it is clear that, on the 19th August, 1869, when this bill was filed, the remedy was not barred.

That the right to sue in his own name on the note vested in the complainant, after having been charged with the same on final settlement, is well settled.—*Tompkies v. Reynolds*, 17 Ala. 109 ; *Waldrop v. Pearson et al.*, 42 Ala. 636.

The court of equity had the right to entertain jurisdiction for the purpose of having the judgment or decree rendered in North Carolina against complainant settled by setting off the note against it.

The distributees of Thomas Boroughs could have asserted a right to this decree, and the only remedy of the complainant to have the note applied to its satisfaction, was in equity.

The facts stated in the bill are sufficient to authorize such relief under the prayer for general relief, especially as the complainant proposes in his bill to set off the note to the decree to the extent of the decree.—*Sharp v. Watson*, 11 Ala. 325.

The court of equity, having this right, could then go

further, and do full justice between the parties, without compelling the complainant to look to another court for the balance of his rights.

A court of equity has jurisdiction for a discovery of assets of an estate, and to prevent their waste.—*Hunly v. Hunly*, 15 Ala. 91; *Ex parte Walker*, 25 Ala., *supra*; *Dement v. Boggess*, 13 Ala. 140.

The distributees of Thomas Boroughs took this property, subject to the rights of creditors of the estate. Their division of the property was equitable and right, and will not be disturbed, except at the instance of creditors. If an administrator were appointed, he could recover the property from each distributee, only for the benefit of the creditors. This bill effects all that an administrator could do, and at much less expense to the heirs. Under this bill each will contribute his share of this debt. *Carter v. Owens*, 41 Ala. 217.

MORGAN, BRAGG & THORINGTON, *contra*.—General certainty is usually sufficient in pleadings in equity, but an exception to this rule exists where the plaintiff states his title to the relief he seeks. The plaintiff's title to the relief he seeks should be stated with great clearness.—Story Eq. Pl., Redf. ed., § 508*a*; *Jerdein v. Bright*, 2 Johns. & H. 325. The exception to the general rule in this respect is one of great strictness. The title of the plaintiff is not shown. The bill shows that he was appointed administrator of the estate of Bryan Boroughs, deceased, but does not show that he was so appointed by any court or authority in law having jurisdiction to appoint him administrator of said estate, nor does the bill show that appellant ever qualified as administrator of said estate.—1 Dan. Ch. Pl. and Pr. pp. 368, 363, 364, 412, note 410; *Comber's case*, 1 Peere Williams, 768; *Humphreys v. Ingledon*, 1 Peere Williams, 752, 753.

2. The bill is strikingly economical of facts in other respects: 1, it does not show who were the heirs-at-law of said Bryan Boroughs, beside said Thomas Boroughs. 2. It does not show that appellant ever made any effort what-

ever to collect the amout of said writing obligatory from said Thomas Boroughs in his life-time, and that said Thomas Boroughs ever refused to pay the same, or any part thereof. 3. It does not show that appellant, prior to the filing of his bill against appellees, ever made any effort whatever to collect the amount of said writing obligatory, or any part thereof, from appellees, or either of them, and that appellees refused to pay the same, or any part thereof; and further than this, that the said bill does not show that prior to the time it was filed in this cause, the appellees, or either of them, ever knew of the existence of said writing obligatory, or of the indebtedness therein mentioned. 4. It does not show that appellees, or any single one of them, are unwilling to pay to appellant the amount of the said writing obligatory. 5. It does not show that the alleged final settlement of the estate of Bryan Boroughs was made by the appellant under the compulsory process of any court whatever, or that appellant was compelled from any cause to make said alleged final settlement at the time the bill alleges he did so. 6. It does not show that said alleged final settlement was made in the proper court having jurisdiction thereof. 7. It does not show that said alleged final settlement was in any sense duly made. 8. The contents of said alleged decree of final settlement are not stated in said bill, nor is the said alleged decree of final settlement of said estate anywhere in said bill referred to, with leave to make it a part of said bill, or that it is treated or considered as a part of said bill, nor is any copy of said decree of final settlement attached to said bill, or annexed thereto. 9. The said bill does not show that there was anything to prevent appellant from getting credit on said alleged final settlement for the amount of $60.78, therein alleged to have been decreed against him, or that the said Thomas Boroughs, or appellees, had refused for appellant to have credit on said final settlement for said last named amount. 10. The said bill does not show that appellees have converted, or attempted to convert to their use, the property of the estate of Thomas Boroughs, or that appellees have wasted, or attempted to waste, any of the

property of said estate of Thomas Boroughs, but simply
states that said property "is in the custody and under the
control" of appellees, as the children of said Thomas
Boroughs.  11. The said bill does not show that the facts
as to which discovery is sought are material to make out
the right of appellant to relief.  12. The said bill does not
show that the facts as to which a discovery is sought
can not be proved without the answer of the appellees.
13. The said bill fails to show that there was any necessity
whatever for filing it in this cause.  14. Admitting every
allegation of the bill to be true, it is wholly without equity.
15. No excuse is shown in the bill why the appellant did
not, or could not, avail himself of the set-off in the decree
of final settlement.

3. The allegations of the bill in this cause are wholly
insufficient to authorize relief.  The matters essential to
the appellant's right to relief must appear, not by inference,
but by direct and unambiguous averment.  Tested by this
rule, the bill in this case is fatally defective.—*Duckworth v.
Duckworth's Adm'r*, 35 Ala. 70; *Cockrell v. Gurley*, 26 Ala.
405; *Spence v. Duren*, 3 Ala. 251; Story Eq. § 242, *et seq.*;
1 Dan. Ch. Pl. and Pr. 411, *et seq.*

4. The bill can not be maintained for the purpose of
establishing, as equitable set-off, a demand which was
available as a legal set-off in the court of quarter sessions
of Moore county, North Carolina.—*Carroll v. Moore*, 7 Ala.
615; *Landreth v. Landreth*, 12 Ala. 640; *Duckworth v.
Duckworth's Adm'r, supra.*

Some "sufficient excuse" must be shown why the ap-
pellant did not, or could not, avail himself of the set-off
in the court that made the final settlement of the estate of
Bryan Boroughs.—*Pearce v. Winter Iron Works*, 32 Ala. 68.

A bill of this description must show some equitable
ground of protection, or it can not be maintained.—*Tusc.,
Courtl. & Dec. R. R. Co. et al. v. Rhodes*, 8 Ala. 220–21;
*White v. Wiggins*, 32 Ala. 425.  Here it is not shown that
appellees are endeavoring to enforce, or have ever endeav-
ored to enforce, the said alleged decree against appellant,

or that they are unwilling to pay him the balance, and it is not shown that they are insolvent.

5. The bill can not be maintained as a bill of discovery—

1. Because it does not appear that the facts as to which discovery is sought are material to make out a right to relief.—*Dickinson v. Lewis, Garthwaite & Co.*, 34 Ala. 639.

2. Because the bill fails to allege that the facts in regard to which discovery is sought can not be proved without defendant's answer.—*Horton v. Moseley*, 17 Ala. 794; *Perrine v. Carlisle*, 19 Ala. 686; *Crothers v. Lee*, 29 Ala. 337.

3. Because it does not state the facts with sufficient certainty, and allege that the defendants are capable of making the discovery sought.—See *Horton v. Moseley, supra.*

6. A pleading is always construed most strongly against the pleader, and for aught that appears by the bill, the appellant could, and should, have obtained the relief of set-off that he here seeks as one of the grounds of equitable interference in the final settlement of the estate of Bryan Boroughs in the court of quarter sessions in the State of North Carolina. The bill does not allege that the court of quarter sessions was the proper court having jurisdiction of the final settlement of the estate of Bryan Boroughs.

It is not shown by the bill that there are other debts of the estate of Thomas Boroughs unpaid by appellees; or that appellees have been guilty of, or attempted, any fraud or conversion of the assets of the estate, or any waste of the same, or are insolvent. Where, then, is the excuse for arguing, as counsel for appellant does, that the facts make this a case of a trust cognizable in equity? It is not every trust, even, that will be enforced in a court of equity. This is no more of a trust than a bailment, yet a bailment may be enforced at law. Admitting every allegation of the bill to be true, there is not one single ground for the interposition of a court of chancery to enable appellant to obtain every right he claims in this cause.

7. Appellant's counsel seem to dwell with much stress upon *Ex parte Walker*, 25 Ala. 81, as an authority in this case. In that case the court say: "It is enough if it be

shown, by some person having an interest, that the subject matter is within the jurisdiction of the court, and that the danger and injury sought to be averted are real and pressing." That was a case of fraud, waste, and insolvency on the part of Walker.

*Hunly v. Hunly*, 15 Ala. 91, is another authority cited by appellant's counsel in favor of the jurisdiction of the court. In that case the administratrix had failed to return, in her inventory, certain assets belonging to the estate of Hunly, and the supreme court decided that a bill for the discovery of these assets would lie.

In *Dement et al. v. The Adm'rs of Boggess*, 13 Ala. 140, another authority cited by appellant's counsel to sustain the jurisdiction of the court, it was a case in which the aid of the court was invoked to correct a "mistake" made in the settlement of an estate of a character highly injurious to the complainant, and peculiarly calling for the interposition of a court of equity.

PECK, C. J.—As, on the complainant's final settlement of the estate of Bryan Boroughs in North Carolina, he was charged with, and accounted for, the promissory note of Thomas Boroughs, described in and made an exhibit to the bill of complaint, the note became his property, and thereby he became a creditor of said Thomas Boroughs, and might have maintained an action on the said note in his own name.—*Tompkies et al. v. Reynolds*, 17 Ala. 109; *Waldrop v. Pearson et al.*, 42 Ala. 636.

2. On the death of said Thomas Boroughs in Alabama, his estate, real and personal, became a fund for the payment of said note.—Rev. Code, § 2060. And, as the heirs-at-law, the children of Thomas Boroughs, without administration, took possession of said estate and converted it to their own use, they hold the same in trust for the benefit of complainant, as a creditor of said estate, and it may be subjected to the payment of his debt by a bill in equity, filed for that purpose.—Story's Equity, § 546. No administration having been taken out on said estate, the complainant has no adequate remedy at law.

3. The complainant's bill was demurred to, and many causes of demurrer assigned, presenting, in substance, the following objections: 1, that the bill was without equity; 2, that there was a porfect and complete remedy at law; 3, that the effects of the estate of Bryan Boroughs were not sold at public auction, or by virtue of any authority of law; 4, that complainants' claim was a stale demand; 5, that said claim was merged in the decree of final settlement; and 6, that the statements of the bill were uncertain and insufficient, &c. The demurrer was sustained and the bill dismissed; but it does not appear whether for all, or for which of the causes assigned, the chancellor dismissed the bill.

After a careful examination, we are satisfied the bill is not without equity; and, although it is not as skilfully framed, nor its statements as full and carefully made as they might be, yet that they are not so defective as to justify its dismissal.

Many objections are made to the sufficiency of the bill in the brief and argument of appellees' counsel. We will consider such of them only as it seems to us need to be noticed.

1. First, it is objected that the bill does not show the complainant was appointed administrator of the estate of said Bryan Boroughs by any court or authority in law competent to appoint him administrator of said estate.

The bill states that said Bryan Boroughs died in the county of Moore, in the State of North Carolina, prior to 1855, and that the complainant was *duly appointed* his administrator. We think this sufficient, without naming the particular court or authority by which the appointment was made. In a note to the case of *Humphries v. Ingledon*, 1 Peere Williams, 752, it is said that Lord Keeper North, when he first came into the court of chancery, was of the opinion that a plaintiff administrator ought to show by his bill where he had taken out administration, to the intent the defendant might be informed in what court to look for it, as it might be void if taken out under a wrong jurisdiction; but of late, the general allegation *duly taken*

*out administration* has been held good, especially where (as on demurrer) the cause is not to be determined, but that the plaintiff must show his letters of administration at the hearing.

This note is referred to as authority in Story's Eq. Pl. § 525, and in Daniell's Pl. and Pr., vol. 1, 364. Therefore, we hold this statement sufficient. It is the province of pleading to state facts, not the evidence necessary to prove them.

The statement here made is, that complainant was duly appointed administrator, &c. If this statement is put in issue, then on the hearing it must be shown the appointment was duly made; that is, made by an authority competent to make it.

2. That the bill does not state that said final settlement was made in the proper court having jurisdiction thereof; that it does not allege that the said court of quarter sessions had jurisdiction of the final settlement of the estate of said Bryan Boroughs. The statement of the bill is, substantially, that said final settlement was made in the court of pleas and quarter sessions of Moore county, in the State of North Carolina, at the January term, 1860. This is sufficient. Judgments and proceedings in the several States do not stand on the same footing as the judgments of foreign courts proper, consequently the same strict rules are not to be applied to them. By the constitution of the United States, (Art. IV, § 1,) they are placed upon much higher grounds, and, in many respects, are to be regarded and treated as domestic judgments; and in pleading, it is not necessary to set out affirmatively the authority and jurisdiction of the courts by which they are rendered. Especially is this the case when rendered by courts of record.—*Gunn v. Howell,* 27 Ala. 663. *Prima facie,* it is to be presumed that the court of pleas and quarter sessions of North Carolina has jurisdiction of the settlement of the estates of deceased persons.

3. The objection that the note in this case is a stale demand, is without force. It is under seal, and not barred

by the statute of limitations until ten years after its maturity. That period had not elapsed before the filing of this bill, after deducting the time the statute of limitations was suspended in this State by reason of the late civil war. *Coleman v. Holmes*, 44 Ala. 124.

4. It is further objected, that it is not stated in the bill that the effects of the estate of Bryan Boroughs were sold at public sale, under and by virtue of any order or decree of the court of pleas and quarter sessions of Moore county, North Carolina. This was not necessary. When the said note, given by Thomas Boroughs for property of the estate of Bryan Boroughs, purchased by him of the complainant, as administrator, &c., was, on said final settlement, charged to the complainant, and accounted for by him, the said note became his property, whether the said sale was, or was not, made by authority of law.—*Tompkies et al. v. Reynolds, supra*.

5. The equity of complainant's bill is not made to depend on the question of set-off, or of discovery. Its equity is based upon the complainant's right to have the said note paid out of the assets of the estate of Thomas Boroughs in the hands of the defendants, and as no administration has been taken out on said estate, there is no adequate remedy at law. The statement in the bill, that complainant is, and always has been, ready and willing to permit the decree rendered in favor of Thomas Boroughs to be set off against said note, has the effect merely to show that the complainant is ready and willing to do equity.

The other objections made by appellees' counsel do not seem to us sufficient to justify the decree of the chancellor in sustaining the demurrer and dismissing the complainant's bill.

The decree is reversed, and the cause remanded for further proceedings, at the cost of the appellees.