# Corbitt v. Carroll.

### Bill in Equity for Settlement of Guardian's Accounts.

50  315
102  345

1. *Waiver of demurrer.* — When the record does not show that a demurrer to the bill was formally disposed of by the court below, it will be regarded as having been waived, and not as having been overruled.

2. *Liability of guardian, acting under void appointment, as trustee in invitum.* — One who assumes to act as the guardian of an infant, without authority, or under an appointment which is void for want of jurisdiction in the court by which it was granted, becomes liable as a trustee *in invitum,* and may be made to account in a court of equity.

3. *Receipt of Confederate currency by guardian.* — A guardian had no authority, during the late war, to convert his ward's funds into Confederate States bonds or treasury-notes, nor to receive payment of a debt in such currency; and on final settlement of his accounts in equity, he will be charged with the funds so converted, or the debt so collected, on proof that the ward's interest accrued before the war.

4. *Liability of guardian's surety.* — On final settlement of a guardian's accounts in equity, the sureties on his official bond are responsible equally with their principal; and they cannot escape responsibility on account of the invalidity of his appointment, when he is held accountable as a trustee *in invitum.*

APPEAL from the Chancery Court of Henry.
Heard before the Hon. B. B. McCRAW.

OATES & CORBITT, for appellants.

WOOD & ROQUEMORE, *contra.*

PETERS, C. J. — Mrs. Eliza Carroll, as complainant, filed her bill in chancery in this case, against William S. Corbitt, her guardian, and John G. Holley, the surety of said guardian, as defendants, for an account of the funds belonging to her in said guardian's hands. The bill alleges that said guardian was appointed, on his own solicitation, by the court sitting in Henry county, in this State, on the 22d day of April, 1863, during the rebellion ; and his said surety voluntarily pledged himself, by his signature to the guardian's bond, to become responsible for any failure of the guardian in the discharge of the duties he had undertaken to perform, which would be injurious to the ward, then Miss Corbitt, and a minor.

The guardian, after his appointment, and after he had given bond and qualified as required by law, took charge of the ward's estate, and returned an inventory of the same under oath ; in which inventory he confessed that he had received of his ward's estate the sum of $2,200, " without stating what sort of funds it was " in which this sum had been received. The moneys thus inventoried and returned, as above said, were derived from the estate of Lovett S. Corbitt, the father of Mrs. Carroll, who had died some time prior to the year 1861, consequently, before the late attempt of this State to secede from the Union. It was a

part of the complainant's distributive share and interest in her father's estate, who died intestate. The sum thus mentioned was received by said guardian from the administrator of her father's estate.

There was a demurrer to the bill, for want of equity ; but it was not acted on by the court below, and, so far as the record shows, was not insisted on in that court. The answers of the defendants do not deny the main facts stated in the bill, but they insist on the invalidity of the appointment by said court of probate of said guardian, and that his. bond did not bind his said surety ; and also that the funds mentioned in his inventory were not money in any legal sense, but treasury-notes of the so-called Confederate States of America, which had been changed into bonds of the so-called Confederate States. The learned chancellor sustained the bill, and decreed that the complainant was entitled to relief, and ordered a reference to the register as master to take an account, and with instructions to inquire whether the funds mentioned in said inventory were received for funds in legal currency, which were due the ward from her father's estate in legal currency ; and if so, then to charge said guardian for the funds so received as legal currency, and interest thereon ; but, if the funds had been received in Confederate currency, then to charge the guardian with the money value of such currency. The register charged the guardian in his report with the funds received by him as with legal currency, and interest thereon. There were no exceptions taken before the master, and no objections to the confirmation of the master's report ; and it was confirmed after laying over, on being read, the usual time. On the final decree, the guardian and his surety aforesaid were charged with the amount reported and confirmed, as above said, and with costs. From this decree, the defendants below appeal to this court, and here they assign the following errors, to wit: "1. The court below erred in disregarding, and thereby overruling, the demurrer to the bill. 2. The court below erred in the rendition of the decretal order of reference to the register. 3. The court below erred in rendering the final decree against the appellants."

1. The first error is not sustained by the record. The demurrer was not insisted on in the court below. When the record shows that the demurrer was not formally disposed of by the judgment of the court below, it does not show that any judgment was rendered upon it, and there is nothing to review. In such a case, the demurrer will be regarded as waived. *Walker* v. *Cuthbert & Stanley*, 10 Ala. 213.

2. But in this case the bill shows sufficient equity. It deals with parties occupying the position of trustees of the ward's

[Corbitt *v.* Carroll.]

estate, who have voluntarily assumed that position, and meddled with her property to its injury. Having acted as trustees, they cannot be allowed to turn round and deny the liability which their wrongful acts impose. Having received the ward's funds, they cannot escape the duties which their assumed office has imposed upon them. In such a case, they become trustees *in invitum*, and in equity they are bound to account. 2 Story's Eq. §§ 1254, 1255 *et seq.; Hall* v. *Hall*, 43 Ala. 488. The demurrer, then, could not have availed to .work a reversal, had it been insisted on in the court below. It presented no sufficient matter of defence to the case made in the bill.

3. The decretal order, directing an account to be taken, was the necessary consequence of sustaining the equity of the case made in the bill. The ward's property was her distributive share of her father's estate, who died before the attempt at secession in this State. The right to this interest in the estate of the ward's father vested in her at the death of the father, subject to the payment of the decedent's debts. The ward's right was then fixed. At that time there were no Confederate treasury-notes or bonds in existence. The share of the ward, then, could not have been in being in such a currency. If it was converted afterward into such a currency, either by the administrator of the estate of the ward's father, or by her guardian, this was done in disregard of law. If it was done by the administrator, it did not discharge him from the liability attaching to his office, to pay the distributee in legal funds, or in such money as would release the administrator under the laws of the United States and the laws of this State then in force on the subject of the currency. 25 Ala. 364. And if the guardian received any other funds, he did so at his own risk. *Newman* v. *Reed*, at the present term ; *Shackelford* v. *Cunningham*, 41 Ala. 203. The ward's share in her father's estate was payable in money. It was a money debt, and if the guardian failed to collect it in legal funds, it was his own fault, and he cannot impose the loss upon his ward for failing to do so. *Lane & Wife* v. *Mickle*, 46 Ala. 600 ; *S. C.* 43 Ala. 109 ; *Hall* v. *Hall.* 43 Ala. 488, *supra.* In whatever aspect the action of the guardian may be viewed as presented in the pleadings in this suit, he does not show a sufficient defence to the case made in the bill ; and the directions of the learned chancellor in the court below to the register, acting as master, were as favorable to the appellants as they had any right to demand.

The report of the master was made without objections, and was confirmed without exceptions. In such a case, when it conforms to the decretal order, which is without error, the final decree, which only enforces the payment of the balance found due by the report, is regular, and without error.

[Pearce v. Shorter.]

4. The surety on the guardian's bond cannot .be separated from the principal. His act enabled the guardian to obtain possession of the ward's estate. There is no justice in permitting him to escape the consequences of his own act.

The record does not show any reversible error, as presented by the assignment. No others can be considered.

The decree of the learned chancellor is, therefore, affirmed, at the costs of the appellants.