# Abernathy, Adm'r, *v.* Bankhead.

*Bill in Equity by Administrator to charge Parties who have converted Personal Assets of the Decedent's Estate, as Trustees in invitum.*

1. *Bill by administrator against parties who have converted personal assets of estate ; when without equity.*—An administrator has a plain and adequate remedy at law against parties who have taken, received or interfered with moneys and other personal assets belonging to his intestate's estate; and hence, a bill filed by an administrator against such parties, seeking to charge them as executors *de son tort*, or as trustees *in invitum*, is without equity.

2. *Same ; when can not be maintained to prevent multiplicity of suits.* The jurisdiction of a court of equity can not be maintained in such case on the ground of preventing a multiplicity of suits, where only three persons participated in the wrong complained of, and only three suits at law are necessary to an enforcement of complainant's rights.

3. *Exemption in favor of widow; power of probate court to determine contest in reference to.*—The powers of the probate court are fully adequate for the settlement of a contest or dispute between a personal representative of a decedent's estate and his widow as to exemptions of personal property claimed by her; and a court of equity will not take jurisdiction in such case, unless some particular reasons for its intervention are shown.

APPEAL from Lamar Chancery Court.

Heard before Hon. THOMAS COBBS.

The bill in this case was filed on 7th July, 1881, by John B. Abernathy, as the administrator of the estate of James B. Bankhead, deceased, against Sarah A. Bankhead, John D. Terrell and R. M. Abernathy; and its material averments are substantially as follows: James B. Bankhead died intestate on 1st July, 1880, seized and possessed of real and personal property, and leaving him surviving his widow, the said Sarah A. Bankhead, and several brothers and sisters, and children of deceased brothers and sisters, as his heirs at law, the complainant and the defendant, R. M. Abernathy, being children of a deceased sister. The complainant and defendants and Mrs. L. N. Guyton, a sister of the decedent, having met at his late residence on 9th July, 1880, for the purpose of searching for a last will and testament, which they failed to find; the said widow produced and had counted $3,899.80 all consisting of gold and siver, except $118, in "greenbacks," as all the money which the decedent had on hand at the time of his death, and which constituted the greater part of the personal property be-

[Abernathy, Adm'r, v. Bankhead.]

longing to said estate. At the request of the parties present, who were interested in the estate, the defendant Terrell, who was a brother of the widow, consented to act as the administrator of the estate, and to apply for letters so soon as the law would permit, he stating that letters could not be issued until forty days after the date of the death of the decedent. He then paid to Mrs. Guyton, out of said gold and silver, the sum of $237.34 in full payment of two claims which she held against the decedent, for which she receipted him as administrator, the receipts having been dated forward so as to appear to have been made after his appointment as administrator. The balance of the gold and silver was then delivered to him by the widow, "as they pretended," for safe-keeping until he could obtain letters of administration. After about two months delay, Terrell refused to take out letters of administration, and claimed that he had handed the money back to Mrs. Bankhead; and on 2d February, 1881, letters were granted to complainant by the Probate Court of Lamar county. In October or November, 1880, the defendant Abernathy, who had a claim against the decedent for services rendered, amounting to $550, applied to Terrell for payment; and thereupon Mrs. Bankhead, acting on advice given her by Terrell, let said Abernathy have, in part payment of his claim, personal property belonging to the estate of said decedent, of the value of $227.50, with the understanding that he was to make out his claim against the estate, and transfer it to her, she to pay him the balance of his claim, which was to be thereafter "established and agreed on;" and on 21st December, 1880, he obtained from her, as an additional payment on his claim, a bale of cotton belonging to said estate, of the value of $48.50. Afterwards said defendant Abernathy sold the property which he obtained from Mrs. Bankhead, and used the proceeds. After the complainant was appointed administrator of the estate of said decedent, Mrs. Bankhead claimed and retained certain personal property belonging to the estate, of the value of $443, as exempted to her under the statute; but refused to include in her exemption the personal property which she let the defendant Abernathy have in part payment of his claim, as demanded by the complainant. Afterwards the complainant demanded of her and the defendant Terrell the money which had gone into their possession after the decedent's death, as above stated, and, after some delay, he obtained from them, in money and receipted claims against the estate, $1,641.30; but the balance of the money Mrs. Bankhead, acting under the direction and advice of Terrell, refused to deliver to him.

The bill further charges that Mrs. Bankhead and the defendant Abernathy are insolvent; that the property which said

Abernathy had received was beyond the "reach of legal process;" that Mrs. Bankhead's delivery of said property was an "election and selection" thereof as a part of her exemptions; that she and the defendant Terrell are executors in their own wrong and trustees *in invitum* of all said money and property, and the "defendant Abernathy is in the same condition as to the property converted by him;" and that "no court of law can force them to account as such trustees with complainant, and there is no other plain and adequate remedy provided in the other tribunals of this State." The prayer of the bill is, that said defendants be decreed to be "trustees *in invitum* of all the property of the estate of complainant's intestate taken into possession by them, and not already accounted for to complainant;" that an account be taken of said matters; that a decree be rendered requiring Mrs. Bankhead and Terrell to deliver to the complainant "the said identical money in their hands;" and for general relief.

The cause was heard on motion to dismiss the bill for want of equity; and on the hearing, the chancellor, being of the opinion that the complainant had a plain and adequate remedy at law, caused a decree to be entered, sustaining the motion and dismissing the bill; and that decree is here assigned as error.

. NESMITH & SANFORD and WATTS & SONS, for appellant. (No brief came to the hands of the reporter.)

E. A. POWELL, *contra*. (1) The allegations of the bill do not make the defendant executors *de son tort*. Toller on Executors, pp. 38–40; 1 Lomax on Executors, m. pp. 76–80; 1 Williams on Executors, 148 *et seq.;* Code of 1876, § 2636. (2) A court of equity has no jurisdiction of the case made by the bill, the complainant having a plain and adequate remedy at law.—Code of 1876, § 616; 1 Brick. Dig. p. 639, § 3 *et seq.; Prince v. Prince*, 47 Ala. 283; 9 Porter, 636; 5 *Ib.* 161; 1 Dan. Ch. Pr. 609; 1 Story's Eq. Jur. § 458; *The State v. Bradshaw*, 60 Ala. 239; *Weakley v. Gurley*, 60 Ala. 399; *Clark v. Eubank*, 65 Ala. 245; *Stewart v. Stewart*, 31 Ala. 207; *Sadler v. Robinson*, 2 Stew. 522.

SOMERVILLE, J.—It is our judgment that the bill in this case was properly dismissed for want of equity. The remedy of the complainant at law was clear, adequate, and complete for all purposes. When this is so, the remedy at law being neither doubtful nor obscure, the rule has always been that equity will decline to assert jurisdiction; and the statute merely re-affirms this well settled principle of equity jurisprudence.

[Abernathy, Adm'r, v. Bankhead.]

1 Story's Eq. Jur. § 33 ; 1 Daniell's Ch. Pr. 551 ; 1 Brick. Dig. p. 639, § 3   Code, 1876, § 616.

If the defendants, or either of them, unlawfully took, received, interfered with, or converted any of the assets of Bankhead's estate, the remedy by *trover, assumpsit,* or *detinue,* would certainly be as efficacious as a suit in chancery, in the absence of some special ground of equitable jurisdiction, such as the necessity of discovery, complication of accounts, the wasting of the assets by insolvent parties, fraud, or other like sufficient reason.

The jurisdiction of equity is sought to be maintained, as we understand the bill, only on two grounds:  *First,* to prevent a multiplicity of suits ; and, *secondly,* upon the theory that the defendants, by their wrongful acts, became executors *de son tort,* or in their own wrong.

The first ground is entirely untenable, inasmuch as there are but three defendants to the bill, and at most but three suits at law would be necessary, and, perhaps, only two in the aspect of the alleged conversion being regarded as a joint one by two of the three, as to some of the property.

The second ground is equally without merit.  Conceding that the defendants were executors *de son tort,* by reason of their unauthorized meddling with the assets of the estate, they are not liable to creditors, as at common law, in such capacity. The statute so declares, and limits their liability to suits brought by the rightful executor or administrator, holding them responsible "for the value of all the property so taken or received, and for all damages caused by his [their] act to the estate of the deceased," except as to property fraudulently conveyed by the intestate or testator, in reference to which the the old rule, not having been abrogated by the statute, remains. Code of 1876, § 2636.

There can be no reason why actions against executors *de son tort* should constitute a class *sui generis,* and be excepted by the courts from the operation of the general rule, that in no case will equity take jurisdiction where the remedy at law is plain and adequate.

It is obvious that the powers of the Probate Court were fully adequate for the settlement of any contest between the administrator of the decedent and his widow, as to the exemption of the personal property claimed by her.  That court is constituted by the statute a special tribunal for the adjudication of such contests, in the absence of some particular reason for the intervention of a court of equity.—Code, 1876, § 2841; *Darden v. Reese,* 62 Ala. 311.

Affirmed.