# Winfrey *et al.* v. Clarke.

*Bill in Equity by Creditor of Decedent Against Executors de son tort.*

1. *Creditor cannot subject, in equity, funds of decedent in hands of executor de son tort.*—Code, § 2271, making an executor *de son tort* only liable to the legal representative of the decedent for the property

held by him as such executor, precludes a creditor of a decedent from subjecting funds in the hands of an executor *de son tort* to the payment of a note on which decedent was liable as surety.—*Cameron v. Cameron*, 82 Ala. 392, and *Dunlap v. Newman*, 47 Ala. 429, overruled.)

2. *Adequate remedy at law.*—A bill in equity to subject the estate of a decedent to the payment of a partnership note will not lie when it appears that the surviving partner is solvent.

APPEAL from the City Court of Decatur.

Heard before the Hon. W. H. SIMPSON.

The facts averred in the bill were as follows: On March 10, 1891, the complainant, being seized and possessed of a certain tract of land, sold and conveyed the same to W. N. Winfrey & Co., a copartnership composed of one W. N. Winfrey and said John W. Landman; and on same day executed and delivered to W. N. Winfrey in person the deed to said land. On the same day, March 10, 1891, W. N. Winfrey &· Co., and Earnest J. Winfrey executed and delivered to complainant a promissory note for the purchase money of said land. This note was made an exhibit to the bill, and was signed as follows: "Earnest J. Winfrey, Principal, W. N. Winfrey & Co., Security." W. N. Winfrey executed his last will and testament on February 27, 1891, and bequeathed thereby all his property, real and personal, to Mary F. Winfrey, his wife. The said W. N. Winfrey died after the execution of this last will and testament, without revoking the same; and it was duly admitted to probate on May 30, 1892. There was no executor named in this will. After the death of W. N. Winfrey, the respondents to this bill, Mary F. Winfrey, the widow, and John W. Landman, the partner of W. N. Winfrey, deceased, took possession and control of all the property, real and personal, of which W. N. Winfrey died seized and possessed, without an administration on his estate. The bill avers: "That the real estate left by said W. N. Winfrey exceeded, both in area and value, the amount to which the said Mary F. Winfrey, widow as aforesaid, was and is entitled under the laws of Alabama. That the personal property left by said W. N. Winfrey, at the time of his death greatly exceeded the sum of one thousand dollars, to which the said Mary F. Winfrey, widow as aforesaid, was and is entitled under the laws of Alabama, as exempt from administration for the purpose of paying the debts of said W. N.

Winfrey, deceased." The bill then avers that the complainant is a creditor of the estate of W. N. Winfrey, and entitled to have the said property applied to the payment of his debt against said W. N. Winfrey, and prays that "the said Mary F. Winfrey and John W. Landman be declared trustees of the estate, property and effects, both real and personal, of said W. N. Winfrey, deceased, for the benefit of your orator, as a creditor of said estate and of said W. N. Winfrey, deceased." The respondents demurred to the bill on the following grounds: (1) There is a want of proper and necessary parties, in that Earnest J. Winfrey is not made a party defendant to said bill. (2) The averments of the bill show that W. N. Winfrey or W. N. Winfrey & Co. executed the note, evidencing the indebtedness to complainant, as sureties thereof for Earnest J. Winfrey; and there is no reason or excuse given in said bill why the demand should not first be enforced against said principal. (3) The averments of the bill do not create a trust in the respondents to be administered for the benefit of the complainant. (4) Under the averments of the bill there does not arise between the respondents and the complainant the relation of trustees and cestui que trust. (5) There is no averment in the bill that W. N. Winfrey, at the time of his death, owned any other property than that belonging to the partnership of W. N. Winfrey & Co. (6) It is not shown by the averments of the bill that debts due from the firm of W. N. Winfrey & Co. have been paid, and that the property alleged to be in the hands of the respondents is not necessary for the payment and satisfaction of the partnership debts. (7) There is no equity in the bill. (8) The complainant has a clear, adequate and complete remedy at law. On the submission of the cause on this demurrer, the court declared that the demurrer was not well taken, and decreed that it be overruled. The respondents appeal from this interlocutory decree, and assign the same as error.

SPEAKE & RUSSELL, for the appellants.

LUSK & BELL and JOHN C. EYSTER, for the appellees.

HARALSON, J.—Under the general rule in equity, on the facts stated in the bill, the complainant was en-

titled to maintain it against defendants for the collection of his debt.—3 Pom. Eq. 1758, § 1154; 2 Story's Eq. §§ 1250–51; *Cameron v. Cameron*, 82 Ala. 392; *Dunlap v. Newman*, 47 Ala. 429.

The two Alabama cases just cited hold, that where persons, without administration, take possession of and convert to their own use, the estate of a decedent, they hold it as a trust fund in their hands, which a creditor of the decedent may subject to the payment of his debt by a bill in chancery filed for that purpose. It is evident, however, that these cases were decided upon the general rule prevailing in equity courts on this subject, overlooking section 2271 of the Code. That section provides, that "No person is liable to an action, as executor of his own wrong, for having taken, received, or interfered with the property of a deceased person, but is liable to the executor or administrator for the value of all the property so taken or received, and for all damages caused by his act to the estate of the deceased," &c.

It is quite obvious, that the principle as expressed in the third head-note in *Cameron v. Cameron*, *supra*, and in the second head-note in *Dunlap v. Newman*, *supra*, so correct otherwise, is directly opposed to said section 2271 of the Code. And these decisions, in the respect indicated, are contrary to the rulings of this court, in the construction of said statute, in *Abernathy v. Bankhead*, 71 Ala. 190, and must be overruled.

If John W. Landman, the surviving partner of W. N. Winfrey & Co., and one of the makers of the note the bill is filed to collect, is solvent,—and the contrary does not appear,—it would seem the complainant has an adequate remedy at law for the enforcement of his debt.

The demurrer to the bill should have been sustained.

Reversed and remanded.