55 So.2d 838

**JOHNSTON v. JOHNSTON.**

**4 Div. 674.**

Supreme Court of Alabama.

Dec. 21, 1951.

486

J. G. Clower and Oliver Brantley, Troy, for appellant.

John C. Walters, Troy, for appellee.

**FOSTER, Justice.**

This case comes here on appeal from a decree of the circuit court in equity sustaining demurrers to a bill of complaint.

The complainant was the alleged administratrix of the estate of Royce E. Johnston, and brought this suit against Alonza E. Johnston, who is the father of Royce E. Johnston.

The bill of complaint is thought by complainant to have equity upon the theory that it seeks an accounting and personal decree against Alonza E. Johnston, alleged to have put himself in the position of a trustee in invitum in respect to the estate of Royce E. Johnston, deceased. In short, the bill alleges that a partnership existed between Royce E. Johnston and his brothers and Alonza E. Johnston, their father, each having an undivided one-tenth interest in the partnership, and that at the time of the death of Royce E. Johnson, on April 1, 1935, his interest in said partnership amounted to approximately $9,600, and that said amount had been credited to him along with a similar amount credited to the other partners, representing their respective interests in the capital status of the partnership. After the death of Royce, his father, Alonza E. Johnston, the respondent here, took over the interest of Royce and had it credited to him on the books of the partnership, and future profits and interests in the same were credited to him, giving him two-tenths interest as shown by the books. That he assumed complete control and dominion over the assets of Royce E. Johnston, deceased, and paid his debts and administered his affairs, and that the complainant, who was the widow of Royce, acquiesced in it all on the representation of respondent that it would not be necessary for her to concern herself with his estate, and that there was nothing for her to do about it, that he would manage and administer the interest of Royce; that she (the widow) had complete confidence in him, and that he gave her a weekly allowance for the support of herself and her small minor children. The estate of Royce E. Johnston included also other personal property not connected with the partnership. All of it is alleged in the bill to have been taken over by respondent and handled as stated above.

Finally the partnership was dissolved in 1944, after having been very successful in business to the extent that the assets at that time amounted to $600,000, and the partners distributed the same among themselves, giving to the respondent two interests or $120,000, one-half of which represented the interest of complainant's deceased husband and intestate, Royce E. Johnston. That after such distribution the respondent continued to manage and control all of said property which he had received, one-half of which was as trustee in invitum or executor de son tort, that it was all managed by him as one estate, that is, the two interests which he received on dissolution of the partnership; that the respondent throughout this period continued to recognize his trust and fiduciary relation by making regular payments to her from the rents and profits of her husband's estate for the support of herself and her children, which payments continued up to the time of the filing of the bill in this case.

The bill alleges that the complainant does not know the exact amount of the various

disbursements which have been made, except the amounts which he has paid to her, as stated above. Nor does the complainant know the amount of the receipts and disbursements which the respondent has made and which are chargeable to him as a part of the estate of her deceased husband. The bill alleges respondent has real and personal property, the title to which stands in his name, but which belongs to the estate of her deceased husband. That she has demanded an accounting by him, but he has refused to account to her; that said transactions have continued over a period of fifteen years, and are intricate and complicated, consisting of several trust items of receipts and disbursements; and on account of the complexity of account, the period of time over which they extend, and because most of the items are peculiarly within the knowledge of respondent, complainant does not have an adequate remedy at law, and it is necessary that a full accounting be had in equity, which will avoid a multiplicity of suits. The bill does not seek a discovery.

The demurrers are addressed to the bill as a whole and the various paragraphs upon the theory, we assume, that the various paragraphs represent various aspects, but we do not so regard the bill. There is only one aspect contained in it. The demurrers which are thought to be meritorious raise the questions of laches, the statute of limitations, the statute of frauds, and want of equity in the bill. · The matter of laches, limitations and statute of frauds may be summarily disposed of.

■ The bill shows a recognition of the trust throughout the whole period in which the transactions occurred and the making of partial payments to complainant. As long as such recognition and payments continued neither limitations nor laches had a field of operation. Jacksonville Public Service Corp. v. Profile Cotton Mills, 236 Ala. 4(5), 180 So. 583; Van Antwerp v. Van Antwerp, 242 Ala. 92, 101 (37 and 38), 5 So.2d 73; Snodgrass v. Snodgrass, 185 Ala. 155, 64 So. 594; Whetstone v. Whetstone, 75 Ala. 495, 502; Title 7, section 40, Code of 1940.

The question of importance is whether the bill has equity because of inadequate remedy at law. In that connection, section 117, Title 61, Code of 1940, must be given consideration. To paraphrase that section, it provides that an executor de son tort is not liable to an action on account of his conduct as such, except to the executor or administrator of the estate of the deceased, preserving however the right of a creditor to maintain a suit in equity to subject property fraudulently transferred by the deceased person. That statute has been in our Code for a long time. In the case of Abernathy v. Bankhead, 71 Ala. 190, it was held that, under the circumstances there disclosed, an adequate remedy at law was provided by that statute in favor of the administrator of such deceased person against an executor de son tort, and that a court of equity would not take jurisdiction for an accounting unless there was a necessity for a discovery or a complication of accounts or an allegation of the insolvency of the defendant, or other sufficient reason. That case has not been cited on the instant question, so far as our search has disclosed. But it has been cited in respect to the limitation there placed on the right of a creditor against an executor of his own wrong, Winfrey v. Clarke, 107 Ala. 355, 18 So. 141, and on the right of an administrator to sue for conversion of the personalty of the estate. Marx v. Nelms, 95 Ala. 304, 10 So. 551. In that case the defendant was not undertaking to administer the estate without legal authority.

■ An executor de son tort is a person who without authority intermeddles with the estate of a decedent and does such acts as properly belong to the office of an executor or administrator. He becomes an executor of his own wrong. 34 C.J.S., Executors and Administrators, § 1063, p. 1359; Blair. v. Brooks, 234 Ala. 129, 173 So. 851; Lowery v. Lowery, 225 Ala. 376, 143 So. 556; Arledge v. Ellison, 247 Ala. 190, 23 So.2d 389.

■ A trustee in invitum, or sometimes called ex delicto or ex maleficio, has a well defined meaning as is stated in the case of Alabama Water Co. v. City of Anniston, 227 Ala. 579, 151 So. 457, 458: "[O]ne who, being guilty of wrongful or fraudulent con-

duct is held by equity to the duty and liability of a trustee, in relation to the subject-matter, to prevent him from profiting by his own wrong." See, Kent v. Dean, 128 Ala. 600, 30 So. 543.

This Court has likewise referred to the fact that the status of an executor de son tort is that of a trustee in invitum. Chambers v. Chambers, 98 Ala. 454, 458, 13 So. 674; Thompson v. Thompson, 107 Ala. 163, 169, 18 So. 247.

There are of course trustees in invitum where there is no estate of a deceased person involved as for instance, where one takes upon himself the administration of a lunatic's property, Moody v. Bibb, 50 Ala. 245, and also where one assumes to act as guardian of an infant. Corbitt v. Carroll, 50 Ala. 315. It is not to be supposed, therefore, that an executor de son tort is not a trustee in invitum, although every trust in invitum does not relate to the estate of a deceased person.

A person who takes property under a fair, bona fide, claim of title to it will not be deemed an executor de son tort. Ward v. Bevill, 10 Ala. 197; 34 C.J.S., Executors and Administrators, § 1064, p. 1361. The status of an executor de son tort does not arise from an act which justifies a suit in trespass or trover against one making such claim of ownership in good faith, but it is only where the act of the defendant is in connection with the administration of the estate of a decedent, without legal authority. Ward v. Bevill, supra; Chambers v. Chambers, 98 Ala. 454, 13 So. 674; Thompson v. Thompson, 107 Ala. 163, 18 So. 247.

It has been a long time since the Abernathy case, supra, was decided, and while it has never been departed from in express terms, we have in recent years applied a principle which would give equity jurisdiction although there may not exist the supporting allegations to meet the requirements of the Abernathy case, and though there may exist an adequate remedy at law. The principle which we made operative in those cases was founded upon decisions of this Court rendered both before and after Abernathy v. Bankhead, supra.

The effect of them is to hold that "the equitable action at law for money had and received is merely cumulative and not exclusive of the general jurisdiction in equity for an accounting as for funds impressed with a trust." Westmoreland & Trousdale v. Foster, 60 Ala. 448; Moody v. Bibb, 50 Ala. 245; Corbitt v. Carroll, 50 Ala. 315; Whetstone v. Whetstone, 75 Ala. 495(4); Ehrman v. Oats, 101 Ala. 604, 14 So. 361; Thompson v. Thompson, 107 Ala. 163, 18 So. 247; Peters v. Rhodes, 157 Ala. 25, 47 So. 183; Phillips v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77; Patton v. Darden, 227 Ala. 129, 148 So. 806; Webb & Aigner v. Darrow, 227 Ala. 441, 150 So. 357; Kelley v. Woodley, 228 Ala. 401, 153 So. 745; Bradley v. Bentley, 231 Ala. 28, 163 So. 351; Meadows v. Birmingham Federal Savings Soc., 232 Ala. 3, 166 So. 53; Leeth National Bank v. Elrod, 233 Ala. 340, 172 So. 104; Loftin v. Smith, 251 Ala. 202, 36 So.2d 312.

In the case of Peters v. Rhodes, supra, the Court was dealing with an executor de son tort under circumstances similar in legal effect to that here involved. In that case the administrator of the widow of a deceased person leaving an estate assumed control of the entire estate of her deceased husband without legal authority. It was held that he was a trustee in invitum of the property which came into his possession, and that although the complainants in that case had a remedy at law it was concurrent with the right in equity to enforce the trust, citing the case of Thompson v. Thompson, supra. Referring to the Thompson case, we find it said that under circumstances which created the relation of a trustee in invitum on the part of the defendant, jurisdiction of a court of equity to compel an accounting cannot be doubted. To the same effect is Whetstone v. Whetstone, supra, and McGilvary v. Reynolds, 224 Ala. 435, 140 So. 417.

Our later cases, *supra*, furnish further illustration of the principle. It is clear from all those cases that where such relation is created or a 'lien is sought to be enforced, a court of equity has jurisdiction without the necessity of the bill containing other ingredients necessary to give it equi-

ty. Those cases do not refer to Abernathy v. Bankhead, supra, but it is our view that they are too well fortified to be discounted at the present time, and we believe they take precedence over the Abernathy case in that respect.

It may be that the Abernathy case was correctly decided upon the principle that the facts showed that the defendant, acting under claim of right, had committed an act of trespass or trover and was liable to an action on that basis, but it must be noted that the opinion of the Court was not predicated upon that theory but assumed that the defendant was an executor de son tort and denied relief in equity upon the ground that there was an adequate remedy provided at law by reason of the statute, which is now section 117, Title 61, Code. Other states have a similar statute, referring particularly to Florida, as manifested in the case of Johnston v. Thomas, 93 Fla. 67, 111 So. 541. It is there said that the primary purpose of that statute was to change the common law so as to cut off the rights of creditors and next of kin to maintain suit against an executor de son tort, but to limit the right to an executor or administrator. That was a suit in equity similar to this one. This theory is referred to in Winfrey v. Clarke, 107 Ala. 355, 18 So. 141.

■■■ There is no principle better settled in this State than when a statute confers a right of action at law, where there then existed an original equitable remedy, the equitable remedy was not affected unless the statute so provided. Carmichael v. Pond, 190 Ala. 494, 67 So. 384; Alabama Chemical Co. v. Hall, 212 Ala. 8, 101 So. 456. Undoubtedly however, an executor or adminstrator of a deceased person could have maintained such a suit at law without the benefit of that statute. Ward v. Bevill, supra; 11 R.C.L. 462, note 2, and in that respect the statute was but declaratory of the common law.—34 C.J.S., Executors and Administrators, § 1065, p. 1367; Johnston v. Thomas, supra. See, also, section 1, Title 33, Code.

There is nothing to indicate an intention on the part of the legislature to destroy the equitable remedy so well established. The principle of the Abernathy case, supra, is not consistent with that theory if it refused to recognize equity jurisdiction because there was a plain and adequate remedy at law by reason of that statute. The twofold and complete answer to that statement in the Abernathy case is, first, that statute did not create a remedy at law which did not otherwise exist concurrently with the remedy in equity and, second, assuming that it did, the proper interpretation of it is that it did not deprive equity of the well established remedy then existing.

■■■ So that the question here is whether or not the bill shows that the respondent became chargeable as an executor de son tort, which is a trustee in invitum, and for the purpose of determining that question we have only to refer to our more recent cases of Lowery v. Lowery, 225 Ala. 376, 143 So. 556; Blair v. Brooks, 234 Ala. 129, 173 So. 851; Hale v. Cox, 240 Ala. 622 (15 and 16), 200 So. 772; Arledge v. Ellison, 247 Ala. 190, 23 So.2d 389. We think it is sufficient to show a duty by defendant to make an accounting in equity as an executor de son tort.

If complainant's claim were a purely legal demand, and as such had no standing in an equity court, and if the bill were dependent for its equity upon an accounting, the applicable principles have been often stated and are fully settled. Doss v. Williams, 249 Ala. 565, 32 So.2d 221; Phillips v. Birmingham Industrial Co., 161 Ala. 509, 50 So. 77.

The same is true as to a discovery in aid of a legal demand. Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; Tuskegee Homes Co. v. Oswalt, 248 Ala. 64, 26 So.2d 865; Southern Cotton Oil Co. v. Finley, 250 Ala. 350, 34 So.2d. 465; Young v. Dean, 253 Ala. 211, 44 So.2d 12.

We need not analyze the bill to determine if it satisfies those requirements, since we think it has equity to bring to a settlement an executor de son tort.

We think the decree sustaining the demurrer was erroneous, and that the demurrer should have been overruled. It is so ordered by this Court with leave to answer the bill within thirty days.

Reversed, rendered and remanded, with leave to answer within thirty days.

LIVINGSTON, C. J., and BROWN, LAWSON, SIMPSON, STAKELY and GOODWYN, JJ., concur.