64 So.2d 67

### Ex parte JOHNSTON.

### 4 Div. 706.

Supreme Court of Alabama.

March 19, 1953.

546

John C. Walters, Troy, for petitioners.

J. G. Clower and Oliver Brantley, Troy, for respondent.

BROWN, Justice.

This is an original application to this, the Supreme Court, by A. E. Johnston named as defendant in a bill filed by Carrie E. Johnston, as administratrix of the estate of Royce E. Johnston, deceased, and charged as "Executor *de son tort*", seeking an accounting from the petitioner as to the property and assets allegedly belonging to said estate, accumulated as an incident to a family partnership formed and previously existing between the said A. E. Johnston and his several sons and daughters and of which the said Royce E. Johnston was a member at the time of his death. The case was filed and is pending in the Circuit Court of Pike County, in Equity. The equity of that bill was sustained by the circuit court in a decree overruling a demurrer to the bill filed by the defendant, petitioner here, and the decree of the circuit court was affirmed here on appeal. Johnston v. Johnston, 256 Ala. 485, 55 So.2d 838. The substance of the allegations of the bill was stated in the opinion and report of the case, cited above, and will not be repeated here.

After the affirmance the petitioner, who was the defendant in said equity case, filed an answer, admitting paragraphs 1 and 2 of the bill, denying paragraphs 3, 4 and 5 and admitting respondent's age and experience as a business man as alleged in paragraph 6. He denied all else stated in paragraphs 6 and 7 and denied paragraph 8 and stated further in said paragraph that he ever acted as executor de son tort as alleged or that he ever recognized in any manner any alleged trust or ever acquired equity in any trust or that Royce E. Johnston ever had any interest in any partnership with respondent as alleged in said paragraph:

He denied the allegations of paragraph 9 as to decedent's interest in said partnership or that he had any interest in any such partnership. He further denied receipt of any funds as executor de son tort, as alleged, or otherwise and denied any recognition of any trust as alleged in said paragraph 9. Denials as to paragraph 10 are in substance and legal effect the same as in paragraph 9.

Upon the filing of said answers the complainant filed interrogatories to the said defendant under the provisions of Equity Rule 39(b), Code of 1940, Tit. 7, Appendix, p. 1084, consisting of 31 questions, which were duly sworn to and served upon the defendant. Interrogatories 1, 2 and 3 relate to the name, age and residence of the defendant and his several children, including the complainant's decedent. These interrogatories were answered. The partnership name alleged to have been adopted was the Johnston Oil Company, Brundidge, Alabama. The defendant answered interrogatory 4, claiming to be the sole owner of said partnership and objected to the other questions embodied in said interrogatories on the ground that they were incompetent, irrelevant and immaterial "and not pertinent under the pleadings", that the matters called for were "privilege" and were a "fishing expedition". The same objections to answering interrogatory 5 were interposed and assigned as to answering interrogatories 6 and 7. In answer to interrogatory 8 he stated, "I have no account sheet; at the time of Royce Johnston's death I owed him an accrued salary of $9,625.38." The defendant interposed the same grounds of objection to answering interrogatories 9, 10 11, 12, 13, 14, 15, 16 and 17 as he did to answering interrogatory 4.

He referred to his previous answers to the interrogatories as sufficient to answer interrogatories 18, 19 and in answer to 20, made denial of any balance sheet for the partnership formed on April 1, 1938, immediately before it was formed on the ground that it had no assets. It should be observed that this is not the partnership referred to in the bill. The partnership which was formed in 1938 was after the death of Royce Johnston.

Answering interrogatory 21, defendant referred to his previous answers and gave a negative answer to interrogatory 22. As to interrogatories 23, 24, 25 and 26, he assigned the same objection as stated to answering interrogatory 5. He gave a negative answer to interrogatory 27. In answer to interrogatory 28 he denied that said Royce Johnston owned any machinery, drills, lathes, tools, etc., in the machine shop. He gave a negative answer to interrogatory 29.

He made the following answer to interrogatory 30: "To the best of my recollection, since my son's death I have furnished the widow and children approximately $43,-000.00; I do not have complete records, nor did I undertake to keep complete records—some was cash, some checks, some were individual items, such as utilities, clothing, food, schooling, automobiles, doctor and medical bills. At this time I am unable to itemize the items over the years, but am now trying to locate what I can. At the present time and since the beginning of this suit I have continued to furnish my son's widow and children."

In answer to interrogatory 31 he stated: "Heretofore answered."

The motion of complainant's solicitor made to the court to require the defendant "without evasion to answer fully the said interrogatories filed by complainant, and upon his failure to do so he be made to suffer such pain or penalty as this court may prescribe", was set down for hearing on the 30th of May, 1950. After notice and while both parties and their respective solicitors were present, the court entered an order requiring the defendant to answer more fully the interrogatories numbered from 1 to 31, inclusive, and that he file his answers on or before July 1, 1942, and that failure to so answer be made the subject of further orders on motion of complainant as prescribed by the rule. Thereafter the defendant through his counsel filed a motion to vacate said order which was overruled and thereupon the petition for mandamus was filed.

The burden of petitioner's argument is that in the absence of fraud, the amount of the recovery is limited by the statute, § 117, Title 61, Code of 1940, to the value of the property belonging to the estate of the de-

ceased party over which the defendant assumed control and management as a trustee *in invitum,* citing as authority Abernathy v. Bankhead, 71 Ala. 190. That question was fully dealt with on the appeal in the instant case reported as Johnston v. Johnston, 256 Ala. 485, 55 So.2d 838. This contention ignores the fact that the complainant must first prove that there was a family partnership embracing the defendant and his sons and daughters and that there was a settlement and division of the partnership assets in cash or otherwise and that the defendant assumed control of the share belonging to the estate of Royce Johnston, deceased. A number of the interrogatories were pertinent to this inquiry. The court on motion of the complainant did not err in requiring the defendant to answer such interrogatories as were pertinent to these issues. Clearly some of the answers were evasive and such of the interrogatories as were material and pertinent to the issues of fact as formed by the allegations of the bill and the answers should be answered.

Therefore the petitioner is not entitled to the issuance of the mandatory writ to vacate the orders made by the circuit court overruling petitioner's motion to vacate the order requiring the petitioner to answer more fully said interrogatories.

Peremptory mandamus denied and petition dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.