## COTTON *vs.* WARD, Ex'R.

[PLEADING; PLEAS IN SHORT BY CONSENT.]

1. *Plea; what is good plea in bar.*—A plea of *ne unques executor* is a good plea in bar, when a party sues in that character; and it is error to strike out such plea on motion to the court, merely because it is pleaded in short by consent, when no objection is taken to the form of the plea.
2. *Plea "in short by consent;" when sufficient.*—A plea "in short by consent" is sufficient, if not demurred to for that reason.

APPEAL from Circuit Court of Chambers.
Tried before Hon. LITTLEBERRY STRANGE.

The facts are sufficiently stated in the opinion.

J. J. ROBINSON, for appellant.
G. W. GUNN, *contra.*

[No briefs came into hands of Reporter.]

PETERS, J.—This is an action by an executor for the recovery of a physician's account for medical services, commenced in a justice's court. The amount claimed is thirty-five dollars. There was an appeal taken from the judgment of the justice to the circuit court. In the circuit court, Cotton, who is the appellant in this court, pleaded to the plaintiff's statement of his case in that court, "in short by consent": 1st, *Ne unques executor;* 2d, *Non assumpsit;* 3d, The statute of limitation of three years; 4th, Payment. The plaintiff, Ward, who is the appellee in this court, took issue in the circuit court on the second, third and fourth pleas of the defendant, so pleaded as above said. The plea of *ne unques executor*, on motion of the plaintiff, was stricken out by the court, to which the defendant excepted. No reason is shown for the action of the court on this motion. After this plea was stricken out, the parties went to trial before a jury, on the issues joined

on the other pleas, when a verdict was found for the plaintiff, Ward, and a judgment entered accordingly. From this judgment, the defendant, Cotton, appeals to this court, and here assigns the action of the circuit court in striking out the plea of *ne unques executor* as the only error.

A party litigant may plead in answer to a suit against him as many several pleas as he may think necessary for his defense. But such pleas must be pleaded in the order prescribed by law, and they must not be unnecessarily prolix, irrelevant, or frivolous; and in this State, they should substantially conform to the schedule of forms attached to the Code. Otherwise, they may be stricken out at the cost of the party so pleading, on motion of the adverse party, or the court may refuse to strike out, and put the party to his demurrer.—Rev. Code, §§ 2630, 2638; 1 Chit. Pl. pp. 560, 459, 463, 440; Const. Ala. 1868, Art. I, §§ 17, 15; *Johnson, Adm'r, v. Wren,* 3 Stewart, 172; 2 Smith's Cond. Rep. 213; *Carpenter v. Jeter,* 4 S. & P. 326: 24 Ala. 661.

Pleas in short by consent are sufficient as to form if not objected to in the court below on that account.—*Harrison v. Harrison,* 39 Ala. 489; *Todd v. Todd,* 15 Ala. 743; *Amson v. Nash,* 24 Ala. 279, 281; *Jackson v. Jackson,* 7 Ala. 791. The pleas here were in short,—that is, pleaded by name merely; but they were so pleaded "by consent." This consent must refer to the leave of the court, and the permission of the plaintiff. It would have no sensible meaning otherwise; for both these would be required to allow the filing of such pleas. There was no demurrer interposed to the plea stricken out. Then, it must be regarded as sufficient in form, and in the order of pleading. Was it also sufficient in substance as a plea in bar? This is no longer an open question in this court. It was sufficient, and if proven would have defeated the plaintiff's action.—*Watson v. Collins,* 37 Ala. 587; *Miller v. Jones,* 26 Ala. 247. In striking out this plea, the court must be presumed to have decided that the matter it contained was irrelevant, or that it should have been pleaded in abatement; for it was certainly neither unnecessarily prolix nor frivolous. Hence, we must infer that if the same defense had been interposed under the general issue of *non assumpsit,* as it

might have been, the court, to be consistent with itself, would have decided that such evidence, like the plea, was irrelevant, or that the same matter should have been pleaded in abatement, or it was waived.—1 Chitt. Pl. 489 ; *Champlin v. Tilly*, 3 Day, 303. In either event, the court would have erred.—But see *Childress v. Emory*, 8 Wheat. 662 ; *Kane v. Paul*, 14 Pet. 33. It can not, then, be presumed that this was error without injury, because the defendant might have had advantage of the same defense attempted to be raised on his special plea, under the general issue ; which was also pleaded. Such a presumption would imply that the court below was inconsistent with itself,—which is a presumption that this court can not indulge, unless it is supported by the record, which is not the case here.

Let the judgment of the court below be reversed, and the cause remanded for a new trial in the circuit court.