# Logan, Admr. *v.* Central Iron & Coal Company.

*Action by Administrator to recover Damages for negligent Killing of Intestate.*

1. *Action by administrator to recover damages for negligent killing of intestate; sufficiency of complaint.*—In an action by an administrator to recover damages for the alleged negligent killing of plaintiff's intestate, a count of the complaint which avers that the intestate's "death was caused by reason of the negligence of a person whose name is unknown to plaintiff, who was in the service or employ of the defendant, to whose orders or directions plaintiff's intestate, at the time of his death, was bound to conform and did conform, and plaintiff alleges that said death resulted from his intestate having so conformed," does not state a cause of action against the defendant, and is subject to demurrer, for that it fails to show that defendant owed plaintiff's intestate any duty at the time he was killed, or that the intestate was in the employ of the defendant.

2. *Pleading and practice; plea of ne unques executor need not be sworn to.*—A plea of *ne unques* executor or administrator is a plea in bar and need not be verified by ̇ affidavit.

3. *Sufficiency of plea of former judgment.*—Where, in a civil action,̣ the defendant pleads a former judgment for the same cause of action, it is not necessary for him to acquit himself of collusion or fraud in procuring the alleged former judgment.

4. *Judgment of court not open to collateral attack.*—Where a court has jurisdiction of the parties and subject matter in a particular case, the judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment by parties ̇or privies in any collateral action or proceeding whatever.

VOL. 139.

[Logan, Admr. v. Central Iron & Coal Company.]

5. *Recovery of judgment by administrator.*—An executor or administrator has full legal title to all choses in action belonging to the estate, and may, in the absence of fraud or collusion, adjust, settle or discharge any claim due the estate; and the fact that the settlement of the claim was made without authority of the probate court, does not render such settlement invalid.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. JOHN MOORE.

This action was brought by the appellant, W. H. Logan, as administrator of the estate of William Alford, deceased, against the appellee, the Central Iron & Coal Company, to recover damages for injuries resulting in the death of the intestate, which was alleged to have been caused by the negligence of the defendant or its employees.

The complaint as originally filed contained three counts of the complaint, and thereupon the plaintiff amended his complaint by adding three additional counts numbered 4, 5 and 6. The third count of the original complaint was in words and figures as follows: "3. And the plaintiff claims of the defendant the further sum of three thousand dollars for that, on to-wit, the 12th day of March, 1902, the plaintiff's intestate, William Alford, was killed at Woodstock, Bibb county, Alabama, which death was caused by reason of the negligence of a person, whose name is unknown to plaintiff, who was in the service or employ of the defendant, to whose orders or directions plaintiff's intestate at the time of his death was bound to conform, and did conform, and plaintiff alleges that said death resulted from his intestate having so conformed." To this count the defendant demurred upon the following grounds: "1st. Said count does not state any facts showing that the defendant owed plaintiff's intestate any duty at the time he was killed, or that the defendant is liable for any injury resulting to plaintiff's intestate from his having conformed to the orders of defendant's agent. 2d. Said count avers negligence on the part of defendant's agents or servants, as a conclusion of the pleader, and does not state any facts showing that the defendant's

agents were guilty of negligence. 3d. Said count does not allege wherein consisted the alleged negligence of the person whose negligence is alleged to have caused the death of plaintiff's intestate."

To the counts of complaint added by amendment, the defendant pleaded ten pleas. The 4th and 8th pleas were as follows: "4th. The said injuries to plaintiff's intestate resulted from dangers or risks, incident to the work which defendant was doing, and plaintiff's intestate voluntarily entered defendant's employment and voluntarily undertook to perform said work; and in so doing himself assumed the risks incident thereto."

"8th. For further plea to said original and amended complaint and to each and every count thereof, the defendant says that it denies that the plaintiff is administrator of William Alford, deceased."

The substance of the other special pleas is sufficiently shown in the opinion.

To the plaintiff's special replication to the several special pleas, the defendant demurred, among others, upon the ground that said replication is an attempt by plaintiff to impeach collaterally the judgment of a court of competent jurisdiction rendered in favor of his predecessor in the administration of the estate of William Alford, deceased, against this defendant on the same cause of action as is now sued upon. This demurrer to the special replication was sustained. Thereupon the plaintiff declined to plead further, and a non-suit with bill of exceptions was taken, and judgment was accordingly rendered in favor of the defendant. The plaintiff appeals, and assigns as error the several rulings of the trial court upon the pleadings.

LOGAN, VANDEGRAAFF & LOGAN, for appellant.—The third count of the complaint stated a cause of action, and the demurrer thereto should have been overruled.—*Mary L. &c. R. Co. v. Chambless,* 97 Ala. 171; *Ga. Pac. R. Co. v. Lee,* 92 Ala. 300; *Laughran v. Brewer,* 113 Ala. 509; *Bessemer L. & I. Co. v. Campbell,* 121 Ala. 55.

Under the Code, pleas 4 and 8 should have been sworn

to.—Code, § 3296; *L. & N. R. R. Co. v. Trammell,* 93 Ala. 350.

The demurrer to the replication should have been overruled. The judgment set up in the special pleas was invalid and not binding upon the parties.—*Mason v. Craig,* 3 S. & P. 389; *Dockery v. Day,* 7 Port. 518; *Winter v. Mobile S. Bank,* 54 Ala. 172.

HENRY A. JONES, *contra.*—"The doctrine of this court, and of all the courts of this country, is firmly established, that if the court in which the proceeding took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally into question." The same principle is distinctly laid down in Freeman on Judgments, § 247, and 1 Greenleaf on Ev. § 522. See also *Kent v. Mansel,* 101 Ala. 334; *Pettus v. McClannahan,* 52 Ala. 55; *Cox v. Johnson,* 80 Ala. 22; *Hale v. Goodbar,* 81 Ala. 108; *Strauss v. Meertief,* 64 Ala. 299, 310; *Friedman & Loveman v. Shamblin,* 117 Ala. 454; *Pollard v. Amer. F. L. M. Co.,* 103 Ala. 289; *Driggers v. Cassady,* 71 Ala. 529; *Chamberlain v. Gaillard,* 26 Ala. 504; *Santonstall v. Riley,* 28 Ala. 164; *Hargrove v. Moulton,* 33 So. Rep. 590; *Dunham v. Jones,* 159 U. S. 584, (40 Law. Ed. 267); and other cases cited under 1 Black on Judgments, § 245.

It has been held by this court that whatever was done by the administrator in chief, in the administration of the estate, is settled, and no authority in reference to it is granted to or conferred upon the administrator *de bonis non;* that his authority extends to goods, etc., *not administered.*—*Starkesmoore v. Keenan's Ex.,* 5 Ala. 590; *Pharis v. Leachman, Admr.,* 20 Ala. 662; 11 Am. & Eng. Encyc. of Law, (2d ed.), p. 1325, XV; *Chamberlain v. Bates,* 2 Porter 550, 557-8; *Abney, Admr. v. Pickett,* 21 Ala. 739, 740, 741; 11 Am. & Eng. Encyc. of Law, (2d ed.), p. 1327; *Chandler v. Chandler,* 87 Ala. 300.

[Logan, Admr. v. Central Iron & Coal Company.]

HARALSON, J.—1. The demurrer to the 3d count of the complaint was properly sustained. One of the grounds of demurrer was, that the count failed to show that defendant owed plaintiff's intestate any duty at the time he was killed, etc. The count does not state that intestate was an employe of the defendant at the time he was killed, nor any fact, except, inferentially, that the defendant or its employes owed him any duty.

2. The second assignment of error is that the court overruled the motion to strike pleas 4 and 8. The only error insisted on, as to this ruling is, that "these pleas denied that the plaintiff was the administrator of the said estate" (of William Alford). The 4th plea contains no such denial, and it is not insisted that the overruling of said motion to strike was erroneous for any other reason. A demurrer to plea 4 was interposed by plaintiff and it was sustained by the court. Plea 8 did deny that the plaintiff was the administrator of said deceased. The motion to strike this plea as insisted on is, that it was not sworn to. This was not necessary. The plea of *ne unques* executor or administrator is a plea in bar, which requires no verification.—Code, § 3296; *Cotton v. Ward,* 45 Ala. 359; *Watson v. Collins,* 37 Ala. 588.

3. The plaintiff moved to strike pleas 9 and 10, on several grounds set out in his motion therefor. It is sufficient to say of this motion, that for none of the grounds set out in said motion was there error in refusing to strike them. The plaintiff was properly put to his demirrers to these pleas.

4. Demurrers were afterwards interposed to these pleas and also to the 5th plea, which was overruled. The 5th plea set up that before the plaintiff was appointed administrator of said estate, and while said Almeta Alford was the administratrix thereof, she instituted in the Tuscaloosa county court, of Tuscaloosa county, Alabama, a suit against the defendant upon the same cause of action as the one here sued on, and recovered in said court, on the 15th day of April, 1902, a judgment against this defendant for the sum of $250.00, as dam-

ages for the same alleged wrongs declared on in this suit, setting out the judgment in full. It is then averred, that at the time said suit was instituted, the defendant had its principal place of business in Tuscaloosa county, Alabama, and was there doing business in said county by its agents; that the said court which tried said cause and rendered judgment therein, had jurisdiction of said cause of action, and a right to try said cause and render said judgment; that said judgment has not been reversed or set aside, but that defendant has paid the same, and that said judgment was a complete adjudication of the matters involved in this suit and a complete bar thereto.

The 9th plea set up in substance, that before the plaintiff, as administrator, had any connection with the estate of the deceased, letters of administration in chief had issued to Almeta Alford, and that plaintiff is only the administrator of such of the goods and assets of said estate, as were not administered on by the said Almeta Alford, while she was the administratrix of said estate, and it is further averred, that defendant made with the said Almeta Alford as, and while she was, administratrix of said estate, a full settlement of the claim of said estate against the defendant because of the death of said William Alford, her intestate, and paid her in settlement of said claim, $250, which she, as such administratrix, accepted in full satisfaction of said claim, and released defendant from all further liability thereon. The 6th plea was in legal effect the same as the 9th. 9th. The 10th plea setting up the same facts as are set up in the 9th down to the averment of the settlement of said claim with the defendant, avers that the said Almeta Alford, while and as such administratrix of said estate, administered the claim or asset of said estate here sued on, by instituting against the defendant in the Tuscaloosa county court of Tuscaloosa county, Alabama, which court had jurisdiction of said cause of action, a suit thereon, and recovered and collected from the defendant a judgment thereon for the sum of $250, which defendant paid in full settlement and satisfaction of the said claim.

The demurrer to these pleas having been overruled, the plaintiff filed his special replication thereto as well as to the 5th plea, setting up in substance, that the alleged judgment and settlement thereof, was procured by and with the collusion of the defendant with the said former administratrix of said estate, and not for the benefit of the estate of the plaintiff. It then proceeds to set out at length the successive steps by which said settlement is alleged to have been procured and said judgment rendered. It also set out a certified transcript of the record of the proceedings in said cause in which said judgment was obtained, and avers that the judgment thus obtained was a legal fraud and not binding on said estate, and was not the result of a decision on the merits of the cause.

A demurrer to the replication was sustained. Thereupon the plaintiff declined to plead further, took a nonsuit with bill of exceptions, and judgment was rendered against the plaintiff for costs.

4. There is really but one question in the case, in the consideration of which all others might well be disregarded, although, thus far, we have followed the assignments of error, and will confine ourselves to the only other question insisted on, and the one other incidental to it. That question, as stated by counsel for appellant, is: "Whether or not, when a party pleads a former judgment for the same cause of action, he must acquit himself of collusion or fraud in procuring the alleged former judgment?"

The points to be decided as stated by appellee are: "(1.) Whether a judgment of a court of competent jurisdiction, in favor of a plaintiff, can be collaterally attacked by the plaintiff or his privies, when pleaded in defense to a second suit, based on the same cause of action? (2.) Whether such a judgment by an administrator in chief, is conclusive upon his successor, the administrator *de bonis non* of the same estate? (3.) Whether the judgment recovered and collected by an administrator is a satisfaction of the claim sued on, when made without the approval and direction of the

judge of the probate court by which the administrator was appointed as provided by section 138 of the Code?"

It cannot be questioned that under the facts as pleaded, the county court of Tuscaloosa had jurisdiction of the parties and the subject matter in the cause of Almeta Alford, as administratrix of the estate of William Alford, deceased, against the Central Iron & Coal Company, the defendant in this case, and that the same cause of action in that suit is the one here sued on. Nor can it be questioned, that the attack here made on the validity of the judgment rendered in that case, is brought collaterally in question. That this cannot be done seems to have been put beyond question, by the adjudications of this court and all other courts.

"Where the court has jurisdiction of the parties and the subject matter in the particular case, the judgment, unless reversed or annulled in some proper proceeding, is not open to attack or impeachment, by parties or privies, in any collateral action or proceeding whatever." Black on Judgments, § 245; Freeman on Judgments, § 524.

"The doctrine of this court,"—says the Supreme Court of the United States,—and of all other courts in this country, is firmly established, that "if the court in which proceedings took place had jurisdiction to render the judgment which it did, no error in its proceedings which did not affect the jurisdiction, will render the proceedings void, nor can such errors be considered when the judgment is brought collaterally in question."—*Mc-Goon v. Scales,* 9 Wall. 23, 30.

Speaking of the same question, this court said: "It it a settled maxim of the law, jurisdiction having attached, applicable to all judicial proceedings, and to all courts, whether inferior or superior, or general, or of limited jurisdiction, that however irregular, or manifestly erroneous, the final order, judgment or decree rendered may be, it is not a nullity, and cannot be collaterally impeached. It is merely irregular or erroneous, —it is not void."—*Pollard v. A. F. L. M. Co.,* 103 Ala. 295.

We know of no rule of law, nor have we been referred

to any by counsel for plaintiff, that required the defendant,—as insisted by plaintiff,—"to acquit himself (itself) of collusion or fraud in procuring the alleged former judgment."

5. Section 138 of the Code authorizes an executor or administrator, to compromise or sell any bad or doubtful claims due the estate, by proceeding before the probate court in the manner directed by said section. The contention of the plaintiff is, that the settlement of the claim sued on, by an agreement of the administratrix with the defendant to take $250 for it, and the judgment she suffered to be rendered therefor, was not a satisfaction of said claim, because settled without the authority of the probate court.

This position cannot be maintained. The section of the Code, for the better protection of the executor or administrator, authorizes the compromise of a doubtful or bad claim due the estate, but does not prohibit the executor or administrator from settling such a claim, without the authority of the court. As we said in *Butler v. Gazzam,* 81 Ala. 493, "Our past decisions sustain the rule, that the executor or administrator has the full, legal title to all *choses in action* due the estate of the decedent, and that he may, in the absence of fraud or collusion, release, compromise, or discharge them as fully as if he were the absolute owner, being answerable only for any improvidence in the exercise of the power. *Waring v. Lewis,* 53 Ala. 616; *Miller v. Irby,* 63 Ala. 477. And he can fully protect himself from liability by obtaining authority from the probate court to make a compromise of any bad or doubtful claim."—Code, § 138.

If the plaintiff has any remedy against this judgment for the matters set up in the replication, it must be sought in another forum. No error appearing, the judgment below is affirmed.

Affirmed.