# Campbell *v.* Hughes, as Admr.

*Bill by Foreign Administrator to Foreclose Mortgage.*

[DECIDED JUNE 30, 1905.]

1. *Executors and Administrators; Foreign Administrator; Statutory Powers; Code §§ 359, 360.*—The statutory powers conferred upon a foreign executor or administrator, who has complied with the requirements of § 359, Code of 1896, is not barred or abated to bring suit in this state by the prior appointment of a personal representative in the state.

2. *Same; Suit by; Limitation on Right of Domestic Representative.*—When a foreign administrator has brought suit in this state under his stautory powers, the domestic representative is limited to the right of intervention if necessary for the protection of creditors, distributees or legatees residing within this state.

APPEAL from Madison Chancery Court.

Heard before Hon. WILLIAM H. SIMPSON.
The facts sufficiently appear in the opinion.

COOPER & FOSTER, for appellant.—Cited *Winter v. London,* 99 Ala. 263: *Hackett v. Berney,* 65 Ala. 39; *Grayson v. Robertson,* 122 Ala. 330; *Bradley v. Broughton,* 34 Ala. 694.

WALKER & SPRAGGINS, for appellee.

DENSON, J.—The bill in this cause was brought by the complainant, as administrator of the estate of John Hughes, deceased, for the purpose of foreclosing a mortgage, which was made to the decedent by A. R. Campbell and Jennie L. Campbell on some real estate located in the city of Huntsville, Alabama.

John Hughes, at the time of his death, was a resident citizen of the city of New York, and died in that city.

On the 15th day of March, 1904, the complainant received his appointment as administrator of the estate of the deceased from the surrogate court in and for the county and state of New York, a court of competent jurisdiction to make the appointment.

It is averred that, before filing the bill in this cause, the complnaiant complied with the provisions of section 359 of the Code. That section authorizes foreign executors and administrators, who comply with its provisions, to maintain suits and recover or receive property in this state.

Section 360 of the Code provides that: "No suit brought by such foreign executor or administrator under the provisions of the preceding section must be abated, barred or affected by the grant of letters of administration in this State, either prior or subsequent to the institution of such suit; but in such case, the administrator appointed in this State may, if necessary for the protection of creditors. distributees, or legatees, resident in this State, intervene in such suit, and shall be entitled to the recovery therein."

The respondent, Jennie L. Campbell, pleaded in abatement of the suit the fact of the appointment, by the probate court of Madison county, of Charles S. McCalley as the administrator of the estate of the decedent, John Hughes. The chancellor on the hearing held that the plea was insufficient. The assignment of error challenging the correctness of the chancellor's degree with respect to the plea is the only one insisted upon in the argument and brief of counsel for appellant.

In the absence of any inhibition in the Constitution, it was within legislative competency to enact the two statutes referred to, and it is the duty of the courts to give them force and effect. It will be observed that, while the statute, section 359, empowers a foreign executor or administrator upon a compliance with its terms to maintain suits, he cannot do so to the exclusion of a resident representative; the following section, 360, expressly provides that the administrator appointed in this State may intervene, etc.

The contention of appellant, that the right of a foreign administrator to sue cannot attach where an admin-

ministrator has already been appointed here, and that the right conferred upon the foreign administrator must be exercised before the fund sought to be administered has become subject to the jurisdiction of the courts of this State by the appointment of a resident representative, is in direct conflict with the plain letter of section 360 of the Code. As has been pointed out, the foreign administrator is powerless to withdraw proceeds, obtained at the end of a suit by him, from the jurisdiction of the local court, if the resident representative intervenes.

It is true that, in the case of *Bradley v. Broughton,* 34 Ala. 694, this court, construing section 359 of the Code, which at that time (1859) was section 1934 of the Code of 1852, held that, to a suit commenced by a foreign administrator who had complied with the statute, a plea *puis darrein continuance,* setting up the grant of letters of administration to the defendant, after the commencement of the suit, by a probate court of this state which had jurisdiction of the subject-matter, presented a good defense to the further maintenance of the action. We do not question the correctness of the ruling there made, but it must be borne in mind that when that ruling was made we had no statute like section 360. Section 1934 of the Code of 1852 was amended by an act approved August 27th, 1863, and as amended it provided that no suit brought by a foreign administrator could be abated by the appointment of an administrator in this State after the suit was commenced. The statute was again amended by an act approved February 5th, 1877; that amendment gave us the statute as it now stands in the Code, section 360. It seems clear under these facts that the case of *Bradley v. Broughton, supra,* is not an authority against the chancellor's ruling in this case.

Another case cited and relied upon by the appellant is that of *Hatchet v. Berney,* 65 Ala. 39. That case, when the facts are examined, it will be discovered, was decided without reference to section 360 of the Code and consequently the ruling there made does not support the contention of the appellant nor militate against the correctness of the chancellor's ruling on the plea in the case at bar. The facts of the case show that neither of the for-

eign administrators, who were connected with the proceedings in that case, had ever complied with the section of the Code authorizing foreign administrators to maintain suits in this State.

But it is urged for appellant by counsel that the case of *Grayson v. Robertson,* 122 Ala. 330, is directly in point. In that case the court was construing section 1264 of the Code which provides, that, "'An executor or administrator, deriving his appointment from a court of probate of this State, or if the testator or intestate resided without the State, from the proper tribunal of his domicile, may transfer the shares of stock held and owned by such testator or intestate in any private corporation existing under the laws of this State."

It had been held by the court in the case of *Winter v. London,* 99 Ala. 263, that this section merely provides for the transfer of stock by a foreign administration or executor *when there is no administrator in this State;* that it was simply cumulative, in extending the authority to transfer to a foreign executor or administrator. In the case of *Grayson v. Robertson,* the court adopted the construction given the statute in the case of *Winter v. London,* and said that the power given by the statute to a foreign executor or administrator was intercepted by the appointment of an administrator in this State.

It clearly appears that the construction given section 1264 by the court cannot be applied to sections 359 and 360, because, upon a compliance with section 359 by a foreign executor or administrator, section 360 in express terms provides that no suit brought by him must be abated, barred, or affected by the grant of letters of administration in this State, either prior or subsequent to the institution of such suit. It also excludes the right of the domestic representative to do anything more than intervene, if necessary for the protection of creditors, distributees, or legatees, resident in this State.

We are of opinion that the decree of the chancellor holding the plea insufficient is correct and it is therefore affirmed.

Respondent will be allowed thirty days in which to answer the bill.

Affirmed.

[Campbell v. Hughes, as Admr.]

McClellan, C. J., Dowdell and Anderson, JJ., concurring.