# Loveman *v.* Birmingham R'y L. & P. Co

*Damages for Personal Injury to Person on Track.*

(Decided March 2, 1907. 43 So. Rep. 411).

1. *Executors and Administrators; Settlement of Claim; Authority; Plea.*—A plea alleging that the administrator settled the claim sued on is not subject to demurrer for failure to allege that the administrator received a reasonable amount in satisfaction of the claim and that settlement was authorized by the court, since sec. 138, Code 1896, does not prohibit an administrator from settling such claim without authority from the court.

2. *Release; Pleading; Sufficiency.*—A plea which alleges that a certain sum was paid by the defendant to the administrator who accepted the same in full discharge of the cause of action alleged is sufficient as a plea of release.

[Loveman v. Birmingham Ry. L. & P. Co.]

3. *Names; Identity.*—The identity of the administrator, the intestate and of the cause of action being shown a release was properly admitted in evidence in which the name of the deceased was given as "Laurine Schulern," although the action was by the administrator of Laurine Schuler.

4. *Evidence; Opinion Evidence; Competency.*—A question which goes beyond the fact testified to by the witness and predicates his opinion on other matters, calling for the opinion of a witness as to the mental condition of the person is improper.

5. *Release; Pleading; Issues; Evidence; Admissibility.*—The plea was a settlement with the administratrix of the deceased; the replication alleged that the settlement was fraudulent and the administratrix incompetent to make it. Held, that to prove the averments of the replication it is competent to show that the defendant had, before the settlement, offered to settle with witness, as attorney for a much larger sum, which fact was communicated to the administratrix before the settlement; but not competent evidence on the issue of the liability of defendant.

6. *Appeal; Harmless Error.*—The jury having found for the defendant it was error without injury to instruct that if defendant was not grossly at fault the jury would be justified in assessing the damages as low as one dollar; although under sections 26 and 27, Code 1896, the jury might assess such damages as to them might seen just though the negligence was not gross.

7. *Same; Instructions.*—The trial court will not be reversed for giving instructions asserting no proposition of law.

8. *Trial; Argumentative Instructions.*—An instruction asserting that it was the policy of the law to favor private settlements; and one asserting that the jury would not be justified in finding that the administratrix conspired to defraud her grandchild merely because they believed that she was not of sound mind, are argumentative and might properly have been refused; the issue being whether the settlement was fraudulent and whether the administratrix was competent to make it.

9. *Same; Misleading Instructions.*—A charge asserting that the jury would not be justified in finding that the release was not the act of the administratrix, unless they were reasonably satisfied not only, that she was mentally weak but that she was mentally unsound, and that she did not at the time comprehend the release on account of such mental unsoundness; and one asserting that the amount paid in settlement of the release was immaterial unless the jury were convinced that the administratrix did not have sufficient mental capacity to make

[Loveman v. Birmingham Ry. L. & P. Co.]

the settlement, or that she conspired with defendant to defraud the distributees of the estate; and another asserting that the law does not recognize mere mental weakness as incapacitating a person to make a contract, are each misleading, the issues being the competency of the administratrix to execute the release, and whether or not it was fraudulent to execute it.

10. *Same; Ignoring Evidence.*—The issue being whether a release was valid and there being evidence of the mental incapacity of the administratrix, a charge asserting that the legality of the settlement did not depend on the amount paid therefor, but that the law recognized the right to settle on such terms as they considered fair was erroneous as ignoring the evidence in the case.

11. *Same.*—An instruction asserting that there was no evidence that a representative of defendant besought the administratrix to make a settlement or attempted to prevail on her to make it was erroneous as invading the province of the jury and ignoring evidence.

12. *Same; Argumentative Instructions.*—An instruction is argumentative which asserts that the jury might consider, in determining whether the husband of the administratrix objected to the settlement, that he went alone to the office of the representative of defendant, that he witnessed the settlement and ratified it and took no steps to avoid it until he was sent for by attorneys; so also is one asserting that the jury in determining whether the administratrix entered into a conspiracy with defendant to defraud the distributees of the estate, might consider that the administratrix was a grandmother of the distributees, and that they lived with her and were supported by her and her husband.

13. *Same; Invading Province of Jury.*—An instruction asserting that the undisputed testimony showed that the administratrix executed a release on account of the death of decedent for a certain sum paid to her by defendant invaded the province of the jury; as did one asserting that the law presumed that the administratrix was of sound mind and capable of executing the release.

14. *Same.*—A charge asserting that on account of the release the jury must find the verdict for the defendant, unless each juror was satisfied that administratrix and defendant colluded to the fraud the distributees, or that she was so mentally unsound as not to understand the nature of the release, not only exacts a too high degree of proof but is misleading.

15. *Same; Weighing Testimony; Duty of Jury.*—A charge that the jury is not bound to accept as true the testimony of any witness if they are reasonably satisfied of its truth, and in weighing the testimony of the witnesses the jury are expected to view the evidence in the light of their common sense and experience is erroneous; as is a charge calling the jury's attention to testimony without referring the credibility thereof to them.

16. *Same; Argumentative Instructions.*—An instruction that the jury in determining whether the administratrix was so mentally unsound as to be incapable of making the release, might consider the fact that she talked with her husband about her settlement before she agreed to make it and that she talked with others after making the settlement was argumentative and properly refused.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Izora Griffin, administrator of Laurine Schuler, against the Birmingham Railway, Light & Power Company, revived in the name of Morris Loveman, appointed administrator de bonis non on the death of Izora Griffin. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

There were four counts in the complaint, all charging simple negligence except the third, which charged wanton or willful misconduct. The defendant filed demurrers to all the counts, which were overruled, and then filed a number of pleas, including the general issue and contributory negligence, and pleas 5 and 6, which are as follows: "(5) And the defendant, for further answer to each and every count of the complaint separately and severally, says that after the institution of this suit by Izora Griffin as administrator de bonis non, this defendant on the 11th day of August, and while the said Izora Griffin was the said administratrix de bonis non of said estate, paid to the said Izora Griffin as such administratrix the sum of $500, which the said Izora Griffin as such administratrix then and there accepted in full settlement, satisfaction, and discharge of the cause of action alleged. (6) And the defendant, for further answer to said complaint, and to each and every count thereof separately and severally, says that after the in-

stitution of this suit by the said Izora Griffin as administratrix de bonis non of said estate, and while she was such administratrix, she executed and delivered to this defendant, in consideration of $500 paid by this defendant to the said Izora Griffin as such administratrix, an instrument in writing in words and figures as follows: 'State of Alabama, Jefferson County: Know all men by these presents, that I, Izora Griffin, as administratrix of the estate of Laurine Schulern, deceased, in consideration of $500 to me in hand paid as such administratrix by the Birmingham Railway, Light & Power Company, the receipt whereof is hereby acknowledged, do hereby release and forever discharge the said Birmingham Railway, Light & Power Company from all liabilities, claims, demands, and damages whatsoever accruing to me as such administratrix by reason of injury to and death of my said intestate, which are by me, in a certain suit instituted by me against the Birmingham Railway, Light & Power Company in the circuit court of Jefferson county, alleged to have been caused on, to-wit ,the 23d day of May, 1903, by negligent operation of one of the street cars of the said Birmingham Railway, Light & Power Company. In consideration of the premises I do hereby authorize and empower the Birmingham Railway, Light & Power Company, its officers, agents and attorneys, to have said suit hereinbefore referred to and now pending in said circuit court dismissed. Signed and sealed on August 11, 1904."

To these pleas the plaintiff interposed the following demurrers: To plea 5: "Because said plea shows that said Izora Griffin was acting in her representative capacity as administratrix of said estate, and fails to aver or show that said amount of $500 was a fair or reasonable amount to be paid by defendant or to be received by said administratrix in full settlement, satisfaction, and discharge of said cause of action; and said plea fails to aver or show that said settlement is authorized or ratified by a court of competent jurisdiction." To the sixth plea, the grounds assigned to the fifth, with the additional grounds: "Said plea does not show that said instrument in writing constituted any contract between said administratrix and defendant. The plea fails to

show accord and satisfaction of the claim sued on in this case. For aught that appears in said plea, said instrument may have been delivered for some other purpose than as a settlement of this cause of action." These demurrers being overruled, the plaintiff filed a replication to these pleas, No. 3, which is as follows: "Plaintiff says that the value of the claim sued on was greatly in excess of said amount of $500, and was several times said amount, all of which was known to said defendant and to said Izora Griffin; but, notwithstanding said knowledge of defendant and said Izora Griffin, they fraudulently colluded together to defraud the distributees of said estate, and in pursuance of said fraudulent collusion said $500 was paid and accepted in satisfaction of said claim, and plaintiff says that no part of said $500 has come into his hands." There was also replication denying under oath the execution of the instrument set out.

The case was tried on its merits, as well as on the questions set forward in pleas 5 and 6 and in the replication thereto. It was proposed to show by the witness Bowman that as an attorney for plaintiff in the cause, and before the settlement made with Mrs. Griffin, the company had offered to pay the said Bowman $2,000 in settlement of the claim, and that this offer came from Mr. Avant, who was claim agent or law agent of the Birmingham Railway, Light & Power Company. On objection to this evidence, the court refused to permit it to go to the jury. And it was further offered to show by the same witness that, before Mrs. Griffin is alleged to have executed this paper, Bowman had communicated to her the $2,000 offer of settlement or compromise. Soon after the settlement referred to above Mrs. Griffin died, and Morris Loveman was appointed administrator de bonis non, and the suit revived in his name. There was some evidence tending to show that Mrs. Griffin was not in her right mind at the time of the execution of the accord and satisfaction. There was also evidence tending to show that the release and accord was executed by her, and that at the time it was executed she not only understood it, but that she also insisted that the funeral expenses of the intestate be paid by the company

and that the company take care of the other expenses. There was a conflict in the testimony as to whether the servants of the defendant were at fault in the operation of the car that killed the intestate; the tendency of the plaintiff's evidence being that no signals were given and that the motorman in charge of the car was looking back into the car, and continued to do so until just before the car struck the child, while the tendency of the defendant's evidence was that the child was playing on the curb, and just as the car approached ran in front of the car, so close that the car could not be checked in time to avoid striking it. It was admitted that Mrs. Griffin collected the $500 check and that the company paid the funeral expenses.

The court, at the request of the defendant, gave the following written charges:

"(1) There is no evidence that Capt. Wier was the agent or representative of the defendant in effecting the settlement."

"(3) There is no evidence in the case that the defendant bribed, or attempted to bribe, its witnesses."

"(9) It is the policy of the law to discourage litigation, and to favor and encourage the private settlements of disputes."

"(13) The only damages recoverable for the death of Laurine Schuler were such damages as the jury might, in their sound discretion, assess by way of punishing the defendant for causing her death. The law furnishes no rule for the measurement of damages in such a case. and the jury would be justified in assessing only such damages as the jury would regard as a just punishment; and, if the jury believe from the evidence that the defendant's agents were not grossly at fault, the jury would be justified in assessing the damages as low as $1. if they believe such damages a sufficient punishment.

"(14) The jury will not be justified in finding that Mrs. Griffin conspired to defraud her grandchildren, merely because they believe she was of sound mind."

"(17) The jury will not be justified in finding that the release is not the act and deed of Mrs. Griffin, unless they are reasonably satisfied from the evidence, not only that she was mentally weak, but also that she was

mentally unsound, and that she did not, at the time of the execution of the release, understand and comprehend the release on account of such mental unsoundness.

"(18) The law does not recognize the mere mental weakness or mere lack of mental clearness as incapacitating a person to make a contract."

"(20) There is no evidence that Capt. Weir had any selfish interest in making the settlement."

"(23) The legality of the settlement does not depend on the amount paid in settlement. The law recognizes the right of parties to settle on such terms as they consider fair."

"(20) There is no evidence in this case that any agent, officer, or representative of the defendant besought Mrs. Griffin to make the settlement, or attempted in any manner to prevail upon her, or to persuade her to make the settlement."

"(30) In determining whether or not Mr. Griffin objected to the settlement, the jury may consider the fact, if they believe it to be a fact, that he went alone to Capt. Weir's office and requested him to send for an agent of the company, and also the further fact, if they believe it to be a fact, that he witnessed the settlement and ratified and confirmed it in writing, and the further fact, if they believe it to be a fact, that he made no complaint of the settlement and took no steps to avoid it until he was sent for by the lawyers."

"(35) The amount paid in settlement of the claim is immaterial, regardless of whether you consider the amount large or small, unless you are reasonably convinced that Mrs. Griffin did not have sufficient mental capacity to make the settlement, or that she conspired with the defendant to defraud the distributees of the estate.

"(36) I charge you, gentlemen of the jury, that the undisputed testimony shows that Izora Griffin, as administratrix de bonis non of the estate of Laurine Schuler, deceased, executed a release to the defendant of all damages recoverable on account of the death of said Laurine Schuler, on account of $500 paid to her by the defendant.

"(37 The law presumes that Izora Griffin was of sound mind and that she was capable of making the contract or release in evidence."

"(39) I charge you, gentlemen of the jury, that the undisputed testimony shows that Izora Griffin, as administratrix de bonis non of the estate of Laurine Schuler, deceased, executed a release to defendant of all damages recoverable on account of the death of said Laurine Schuler in consideration of $500 paid to her by the defendant. And I charge you, further, that although you may believe that the defendant was liable in damages on account of the death of Laurine Schuler, you must, on account of the execution of said release and the payment of said sum of money, find a verdict for the defendant, unless the jury and each member of the jury are reasonably satisfied from the evidence that the said Izora Griffin and the defendant fraudulently colluded together to defraud the distributees of the estate of Laurine Schuler, or that the said Izora Griffin was, at the time of the execution of such release, so mentally unsound as that she did not understand and comprehend the nature and effect of said release. And I charge you, further, that the burden is on the plaintiff to reasonably satisfy the jury, by a preponderance of the evidence, either that there was such collusion or mental unsoundness.

"(40) The jury are not bound to accept as true the testimony of any witness, if they are not reasonably convinced of its truth. And in weighing the testimony of witnesses and in deciding cases the jury are expected to view the evidence in the light of their experience and common sense."

"(45) In determining whether or not Mrs. Griffin entered into a conspiracy with the defendant to defraud the distributees of Laurine Schuler's estate, the jury may consider that Mrs. Griffin was the grandmother of the distributees, that the distributees lived with her and had lived with her for four years, that the distributees were supported by her and her husband, and that she (Mrs. Griffin) was in her last illness.

"(46) In determining whether or not Mrs. Griffin was so mentally unsound as to be incapable of making

the contract of release, the jury may consider the facts that she talked with her husband many times about the settlement before she agreed to make it, and may consider the fact, if they believe it to be a fact, that she put the money in her purse.

"(47) In determining whether or not Mrs. Griffin was so mentally unsound as to be incapable of making the contract of release, the jury may consider the fact that she talked with her husband many times about the settlement before she agreed to make it, and may consider the fact, if they believe it to be a fact, that she told Mrs. Sholl shortly afterwards that she had made the settlement."

"(49) In determining whether or not Mrs. Griffin was so mentally unsound as to be incapable of making the contract of release, the jury may consider the fact that she talked with her husband many times about the settlement before she agreed to make it.

"(50) In determining whether or not Mrs. Griffin was so mentally unsound as to be incapable of making the contract of release, the jury may consider the fact that she talked with her husband many times about the settlement before she agreed to make it, and may consider the fact, if they believe it to be a fact, that she declined to execute the contract, unless the defendant would agree to pay the funeral expenses of the child."

Bowman, Harsh & Beddow, for appellant.—The 6th plea does not state a good defense and the demurrer should have been sustained thereto.—*Fish v. Miller*, 5 Paige (N. Y.) 26. The court improperly sustained demurrers to several of plaintiff's replications to defendant's 5th and 6th pleas.—*Falconio v. Larsen*, 37 L. R. A. 267; *Watkins v. Brant*, 46 Wis. 419. The name Laurine Schulern is not idem sonans with Laurine Schuler.—*Leath v. The State*, 132 Ala. 26; *Noble v. The State*, 139 Ala. 90; *Kirk v. Suttle*, 6 Ala. 681; *Oates v. Clendenard*, 87 Ala. 734; *Jacobs v. The State*, 61 Ala. 488. The names not being idem sonans the release should not have been admitted in evidence.—*Jones v. Peebles*, 130 Ala. 269; *Warner-Smiley Co. v. Cooper*, 131 Ala. 297; *B. R. & P. Co. v. Brannon*, 132 Ala. 431; *Gober v. The*

State. The witness was competent to give his opinion as to whether Mrs. Griffin was in her right mind and should have been allowed to do so.—Ford v. The State, 71 Ala. 397; 5 Mayfield Digest p. 534. It was permissible for plaintiff to show that shortly before the settlement in question defendant had offered to settle this claim with plaintiff's attorney for $2,000.00 and that the offer had been declined.—Bussin v. Milwaukee R. R. Co., 56 Wis. 335; Falconio v. Larsen, supra. The court erred in giving charge 13 for the defendant.— James v. R. & D. R. R. Co., 92 Ala. 237. Charge 39 should have been refused.—Southern Ry. Co. v. Riddle, 126 Ala. 244; Moore v. Heincka, 119 Ala. 627; Torrey v. Berney, 113 Ala. 496. Charge 40 was bad.—Schloss Co. v. Hutchinson, 40 South. 115. Charge 48 should not have been given.—16 A. & E. Ency. of Law, pp. 562-3. Counsel discuss other assignments of error but cite no authority.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellee. —The personal representative of a decedent may settle and discharge any cause of action for and on account of the death of the decedent.—Logan v. Central Iron & Coal Company, 139 Ala. 548. Pleas of accord and satisfaction are liberally construed and are upheld although informal.—1 Ency. P. & P. 79. The money having been paid to personal representatives it is wholly immaterial whether or not the estate ever realized or enjoyed the sum and whether or not the present plaintiff could recover it by reason of the insolvency of the principal or her sureties.—Harrison v. Alabama Midland R. R. Co., 40 South. 294. To disaffirm the contract the amount paid thereunder must be refunded.—Harrison v. Ala. Mid. R. R. Co. supra. The witness was not qualified to speak as to the mental condition of Mrs. Griffin and the court properly disallowed it.—Dominick v. Randolph, 124 Ala. 557. It is the policy of the law to favor an amicable adjustment of differences and it encourages such adjustment by excluding offers to that end when the negotiations failed.—Gibbs v. Wright, 14 Ala. 467; Alexander v. Wheeler, 69 Ala. 341; Feibleman v. Insurance Company, 108 Ala. 198; Matthews v.

*Farrel,* 140 Ala. 308; 16 Cyc. p. 946; 2 Wigmore on Evidence, § 1061. Applying the principles settled in the following cases it will be seen that the court will not be put in error for the giving of the charges asked by defendant.—*McCutcheon v. Loggins,* 109 Ala. 457; *Schaungut v. Udell,* 93 Ala. 302; *Steed v. Knowles,* 97 Ala. 573; *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514; *E. T. V. & G. R. R. Co. v. Beaver,* 79 Ala. 216; *Wadsworth v. Williams,* 101 Ala. 264; *Payne v. Crawford,* 97 Ala. 604. Contractual capacity and testamentary capacity are determined by the same rules and tests.—*Coleman v. Robinson,* 17 Ala. 85; 4 Mayf. p. 1140. A preponderance of evidence is required to reasonably satisfy the jury.— *Battles v. Tallinon,* 96 Ala. 403; *Thompson v. Railroad Co.,* 91 Ala. 496; *Bir. U. Ry. Co. v. Hale,* 90 Ala. 8; *Wilkinson v. Searcy,* 76 Ala. 186; *Bir. Fire Brick Works v. Allen,* 86 Ala. 185; *Railroad Co. v. Jones,* 83 Ala. 376.

HARALSON, J.—We notice only the assignments of error insisted on, the first of which is, that the court erred in overruling the plaintiff's demurrer to the fifth plea. That demurrer proceeds upon the objection, that the plea does not aver or show, that the $500.00, alleged therein to have been paid by defendant in satisfaction and discharge of the cause of action in this case, was a fair and reasonable amount to be paid and received in satisfaction of said claim, and fails to aver and show that said settlement was authorized or ratified by a court of competent jurisdiction. The demurrer cannot be sustained. Section 138 of the Code of 1896 authorizes an executor or administrator, by the authority of the probate court to compromise or settle a doubtful or bad claim due the estate, but does not prohibit the executor or administrator from settling such a claim, without the authority of the court. That section and the authority of the court to authorize such settlement, is for the greater security of the executor or administrator.—*Logan v. C. I. & C. Co.,* 139 Ala. 549, 556, 36 South. 729.

The plea alleges in the most explicit terms that $500.00 was paid by defendant to the administrator, the original plaintiff, and that she accepted the same, while

she was administratrix of the estate of her intestate, "in full settlement, satisfaction and discharge of the cause of action alleged." If the facts there alleged, without more, are sustained, the present plaintiff would be without a cause of action.

What has been said as to the demurrer to this plea, applies with equal force to the demurrer to the sixth plea.

Waiving consideration as to whether the name, Laudine Schulern is idem sonans with Laurine Schuler, it may be said that the real question involved is not one of idem sonans but of identity of person, of whose estate Izora Griffin was the administratrix in chief. The plea leaves no doubt in the mind, that it was the estate of Laurine Schuler, deceased, that is referred to. The estate of no other person is referred to in the pleadings; Izora Griffin was the administratrix of no other estate, and the instrument set out in plea 6 fully identifies the cause of action, the court in which it is pending, the death of the intestate, the injuries complained of, and the character in which the administratrix acted in executing the release. The error assigned is, that the court erred in admitting the release in evidence, and all the evidence affirmatively shows the identity of the prsonal representatives and of the intestate and the cause of action.

The question propounded to the witness calling for his opinion, as to the mental condition of Mrs. Griffin, went beyond the fact testified to by the witness, and predicated the opinion of the witness upon other matters not testified to by him, and, therefore, the objection was properly sustained.

The testimony as offered by the witness, Bowman, was competent under the issue presented by replication 3 to pleas 5 and 6, as tending to prove the averments of the replication. When thus admitted, it should not be considered by the jury on the issue presented by the general issue to the complaint, as admitting a liability on the part of the defendant, for the injury sought to be recovered for.

It may be that the thirteenth charge for the defendant was bad in employing the words "grossly at fault."

Negligence short of being gross under section 26 or 27 of the Code of 1896 would justify the imposition of damages such as the jury might deem just in their discretion to assess. If the charge is misleading, in placing one dollar as the measurement of punishment for the killing of the plaintiff's intestate, when the fault is not gross, that was error without injury since the jury found in favor of the defendant.

Charges 1, 3 and 20, given for defendant, assert no proposition of law and might have been refused on this account, but the giving of such charges will not constitute reversible error.

Charges 9 and 14, given for defendant, are argumentative and for this reason should have been refused, although for giving them we do not reverse the judgment. Charge 17 is confusing and misleading and should have been refused.

Charges 18 and 35, given for defendant, are misleading, but this does not constitute reversible error.

Charge 23 invades the province of the jury and ignores other evidence in the case, and should have been refused.

Charge 26 invades the province of the jury and should have been refused.

Charges 30 and 45, given for defendant, are argumentative, and while we do not reverse the trial court for giving argumentative charges, the charges should not have been given.

Charge 36, given for defendant, is invasive of the province of the jury and equivalent to the affirmative charge for defendant on pleas 5 and 6, and the court committed reversible error in giving it.

Charge 37, given for the defendant, in view of the fact that there is evidence tending to show mental incapacity on the part of Mrs. Griffin at the time the release was signed, is bad and should have been refused.

Of charge 39, given for defendant, suffice it to say, it exacts a too high degree of proof and is otherwise vicious.—*Carter v. Fulgham*, 134 Ala. 238, 32 South. 684; *So. Ry. Co. v. Riddle*, 126 Ala. 244, 28 South. 422, and cases there cited.

Charge 40 should have been refused.—*Sloss-Sheffield Steel & Iron Co. v. Hutchinson*, 144 Ala. 221, 40 So. Rep. 115.

Charges 46, 47, 49 and 50, assume as a fact that Mrs. Griffin talked with her husband about the settlement, without referring the credibility of the evidence to the jury, and the charges are also argumentative; the court erred in giving them.

For the errors indicated the judgment of the circuit court is reversed and the cause remanded.

Reversed and remanded.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.