23 So.2d 389

### ARLEDGE v. ELLISON et al.

### 5 Div. 400.

Supreme Court of Alabama.
March 1, 1945.

Rehearing Denied July 26, 1945.

Further Rehearing Denied Oct. 11, 1945.

J. B. Atkinson, of Clanton, for appellant.

Grady Reynolds and Reynolds & Reynolds, all of Clanton, for appellee Lowery.

192

LIVINGSTON, Justice.

Bill by Arnold Arledge, as administrator de bonis non of the estate of E. A. Arledge, his deceased father, to foreclose a mortgage on 40 acres of land in Chilton County, Alabama.

The cause was tried in the court below on an agreed statement of facts, and resulted in a decree denying the relief sought and a dismissal of the bill. Hence this appeal. The agreed facts are as follows:

"That on November 6, 1925, W. R. Lowery and his wife, Arena Lowery, they being in possession of the lands described therein at said time, executed and delivered to Boy Ellison a warranty deed to the lands involved in this suit, a copy of said deed being hereto attached as Exhibit 'A' and made a part of this agreement, said deed having been filed for record on the 6th day of November, 1925, and being recorded in Volume 201, page 454, in the office of the Judge of Probate of Chilton County, Alabama.

"That on November 6, 1925, Boy Ellison and his wife, Emma Ellison, executed a mortgage to E. A. Arledge on the lands involved in this suit, said mortgage being in the amount of $600.00 and payable as follows: $100.00 on first day of November, 1925, 1927, 1928, 1929, 1930 and 1931, each note bearing interest at four per cent from November 1st, 1925. Said mortgage was duly filed for record in the office of the Judge of Probate of Chilton County, Alabama, on the 6th day of November, 1925, and is duly recorded in Volume 197, at page 612, a copy of said mortgage being hereto attached as Exhibit 'B' and made a part hereof, and said mortgage has never been satisfied of record.

"That on September 15, 1928, E. A. Arledge, then being a widower, died, intestate a resident of Chilton County, Alabama, and was survived by Orman Arledge, age 25, and Arnold Arledge, age 15, as his only heirs and next of kin; that said E. A. Arledge was also survived by his father, S. L. Arledge, who died a short while subsequent to the year 1930; that E. A. Arledge at the time of his death owned 100 acres of land and the notes and mortgage above described.

"That upon the death of E. A. Arledge on September 15, 1928, S. L. Arledge, the father of E. A. Arledge, assumed dominion and control of the assets of the estate of E. A. Arledge, including the notes and mortgage hereinabove referred to and described in paragraph two hereof, and subsequent to September 15, 1928 and prior to November 12, 1928 said S. L. Arledge, while in possession and control of the notes and mortgage hereinabove described entered into an agreement with Boy Ellison and his wife Emma Ellison, the mortgagors, whereby Boy Ellison and his wife, Emma Ellison, executed and delivered to S. L. Arledge, a warranty deed to the lands involved in this suit; that said warranty deed does not appear of record in Chilton County, Alabama, but a copy of said deed is attached hereto as Exhibit 'C' and made a part of this agreement, that contemporaneously with the execution and delivery of said warranty deed S. L. Arledge delivered to Boy Ellison the notes and mortgage hereinabove described in paragraph two and executed by Boy Ellison and his wife, Emma Ellison, and also paid to Boy Ellison the sum of $100.00, which amount Boy Ellison had previously paid to E. A. Arledge; that subsequent to the delivery to him of the notes and mortgage involved in this suit by S. L. Arledge, the said notes and mortgage were completely destroyed by Boy Ellison.

"That on, to-wit, November 12, 1928, S. L. Arledge, who was then a widower, duly executed and delivered to Arena Lowery, one of the defendants in this cause, a war-

ranty deed to the lands involved in this proceeding in consideration of the payment to said S. L. Arledge of the sum of $600.00 by the grantee; that said deed was duly recorded on October 24th, 1929, in Volume 235, Record of Deeds at page 122, in the office of the Judge of Probate of Chilton County, Alabama, the original of said deed being hereto attached as Exhibit 'D' and made a part of this agreement as if written herein; that one of the defendants, Arena Lowery, upon the delivery of said warranty deed to her immediately entered into possession of said lands and has been continuously and is now in possession thereof.

"That thereafter and on December 5, 1928, the said S. L. Arledge was duly appointed by the Probate Court of Chilton County, Alabama as administrator of the estate of E. A. Arledge, deceased, and duly qualified as such and executed a bond as such administrator, a copy of petition, bond, order granting letters of administration and letters of administration being hereto-attached as Exhibits 'E', 'F', 'G', and 'H', and made a part of this agreement as if written herein.

"That on October 24, 1938, Arnold Arledge was appointed administrator of the estate of E. A. Arledge, deceased, by the Probate Court of Chilton County, Alabama, succeeding S. L. Arledge, deceased, and that said Arnold Arledge is now qualified and is acting as such administrator; that on, to-wit, April 10, 1941 the said Arnold Arledge as administrator of the estate of E. A. Arledge, deceased, filed a bill of complaint in the Circuit Court of Chilton County, Alabama, being case No. 1659 in said court, said bill of complaint being against Boy Ellison and Arena Lowery and was for the purpose of foreclosing the mortgage described in paragraph two hereof, executed by Boy Ellison and his wife, Emma Ellison, to E. A. Arledge."

■ An executor de son tort is one who, without authority, intermeddles with the estate of a decedent and does such acts as properly belong to the office of an executor or administrator, and thereby becomes a sort of quasi executor for the purpose of being made liable for the assets. Lowery v. Lowery, 225 Ala. 376, 143 So. 556; Blair v. Brooks, 234 Ala. 129, 173 So. 851; 34 Corpus Juris Secundum, Executors and Administrators, § 1063, p. 1359.

It was held in First National Bank of Birmingham v. Love, 232 Ala. 327, 167 So. 703, 713:

"An executor de son tort may purge his wrong by taking out letters of administration or by delivering over the goods to the rightful administrator before action is commenced, and thereby be discharged from liability. Ward v. Bevill, 10 Ala. 197, 44 Am.Dec. 478. And, when one is executor de son tort and also the executor of right, his acts and conduct will be measured by his duty as rightful executor. Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann.Cas. 55."

■ The letters of administration issued to S. L. Arledge on December 5th, 1928, related back to the death of E. A. Arledge, and validated his acts as executor de son tort, and his acts and conduct will be measured by his duty as rightful administrator. Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann.Cas. 55.

■ The real question then is, could a rightful administrator perform the acts performed by S. L. Arledge as executor de son tort? The notes and mortgage securing them were personal assets of the estate of E. A. Arledge, the mortgagee, and the title thereto vested in his administrator, when appointed, with power and authority to collect the debt. Waring v. Lewis, 53 Ala. 615; Van Hoose v. Bush, 54 Ala. 342; Baldwin v. Hackett, 56 Ala. 461; Bright v. Wynn, 210 Ala. 194, 97 So. 689; Lenoir v. Burns, 223 Ala. 101, 134 So. 485; Dodson v. Protective Life Ins. Co., 236 Ala. 111, 181 So. 492.

■ Sections 228 and 238, Title 61, Code of 1940, are without controlling influence for the reason that Arledge did not sell the notes and mortgage as is provided for in section 228, supra, nor did he assign and transfer them as termed in section 238, supra, but, on the contrary, he, at most, used a circuitous means of collecting the debt due the intestate's estate. From aught appearing, he collected the full amount due, was guilty of no improvidence in this regard, and had he then been administrator no court order would have been necessary as a prerequisite for this action. The ancient rule still pertains: an administrator has the full legal title to the choses in action of the deceased, and is charged with the duty of collecting and reducing them to possession. He may release, compound, or discharge them, as fully as if he was the absolute owner, sub-

194

ject only to his liability to answer to creditors and distributees, for improvidence in the exercise of his power. No bona fide dealing with him can be impeached, no remedy can be pursued against those to whom he may transfer, or to whom he may release, or with whom he may compound, or from whom he accepts satisfaction, of the choses in action, unless fraud and collusion can be imputed to them. Waring v. Lewis, supra.

Approval of his acts might also be well rested under section 223, Title 61, Code, providing for the compromising of doubtful claims. While this section authorizes an executor or administrator, by the authority of the probate court, to compromise or settle such claims in the manner directed therein, this Court has held that this does not prohibit the personal representative from, bona fide, settling such a claim without authority of the court. Logan, Adm'r, v. Central Iron & Coal Co., 139 Ala. 548, 36 So. 729; Loveman v. Birmingham R. L. & P. Co., 149 Ala. 515, 43 So. 411.

The proviso in said section for securing authorization of the court to settle such claims is said to be "for the greater security of the executor or administrator" (Loveman v. Birmingham R. L. & P. Co., supra, 149 Ala. at page 526, 43 So. at page 415), and does not abrogate the common law rule "that an executor or administrator has the full legal title to all choses in action due the estate of a decedent, and that he may, in the absence of fraud or collusion, release, compound, or discharge them as fully as if he were the absolute owner, being answerable only for any improvidence in the exercise of the power." Butler v. Gazzam, 81 Ala. 491, 493, 1 So. 16, 17; Logan, Adm'r, v. Central Iron & Coal Co., supra, 139 Ala. at page 556, 36 So. 729. See, also, Carr v. Illinois Cent. R. R. Co., 180 Ala. 159, 60 So. 277, 43 L.R.A.,N.S., 634; Bright v. Wynn, supra; Stanley v. Beck, 242 Ala. 574, 7 So.2d 276; Evans v. Tucker, 101 Fla. 688, 135 So. 305, 85 A.L.R. 170, at pages 176, 183; 23 Corpus Juris 1198, 1199, §§ 451, 452; 33 C.J.S., Executors and Administrators, § 181.

There is nothing in the record or agreed facts to indicate that the acts performed by S. L. Arledge were done other than for the purpose of collecting the debt due the estate of E. A. Arledge, and that the debt so collected was properly administered.

It is clear therefore that the decree denying relief is fully supported by the authorities, and that the remedy of the heirs of decedent would be to pursue collection against S. L. Arledge, the administrator, and his bondsmen.

The judgment of the lower court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.