36 So.2d 78

**RAINEY v. SMITH.**

**7 Div. 949.**

Supreme Court of Alabama.

June 10, 1948.

Motley & Motley, of Gadsden, for appellant.

Hood, Inzer, Martin & Suttle, of Gadsden, for appellee.

GARDNER, Chief Justice.

The appeal is from a decree overruling demurrer to a bill in equity.

The pertinent averments of the bill may be briefly stated as follows: Complainant is an heir at law as well as administratrix of the estate of Almeda Smith Case, who survived her husband, Lee Case, one year and ten months. Both Almeda Case and her husband, Lee Case, were residents of the state of Georgia, and complainant is likewise a resident of said state. Complainant was duly appointed administratrix of the estate of her aunt Almeda Case by the Court of Ordinary of Dade County, Georgia, duly qualified as such and was so acting. Lee Case and his wife Almeda left no children or their descendents, and under the laws of Georgia Almeda was the sole heir of her deceased husband; and under our statute the personal estate would under such circumstances pass to the widow. Title 16, § 10, Code 1940. Lee Case died, while a resident of Dade County, Georgia, on February 9, 1944, leaving the said Almeda his widow and, as previously observed, his sole heir. At the time of his death Lee Case had personal property in Etowah County, Alabama, consisting in large part of $1145.07, on deposit in the bank at Gadsden, Alabama. Defendant Oscar Case was duly appointed and qualified as administrator of the estate of Lee Case deceased by the Probate Court of Etowah County, and sureties on his bond are parties defendant to this bill. There has been no petition for final settlement and no final settlement has been had as to said Lee Case estate. In his petition to the Probate Court of Etowah County defendant Oscar V. Case listed as heirs at law of said estate several named nephews and nieces, and has paid out the money on deposit in the bank, as well as any other personal assets, to these heirs named in his petition. The bill seeks a removal of the administration of the estate of Lee Case, deceased, from the Probate Court into the Circuit Court, in Equity, for further administration and an accounting to complainant as administratrix of the estate of Almeda Case, the widow and sole heir, for the personal assets of the estate of said Lee Case.

Complainant, as administratrix of the estate of Almeda Case under appointment of the Georgia court, may maintain

692

this suit for recovery of such personal assets without first giving bond and having the same recorded, under the provisions of Title 61, § 153, Code 1940. Campbell v. Hughes, 155 Ala. 591, 47 So. 45. And as such administratrix complainant may have the pending administration removed into the circuit court. Jones v. Glenn, 248 Ala. 452, 28 So.2d 198; Title 13, §§ 138, 139, Code 1940.

■ The administratrix is the proper person to institute this suit. Sullivan v. Lawler, 72 Ala. 68; Tillery v. Tillery, 155 Ala. 495, 46 So. 582. Counsel for appellant argues upon the theory that such nonresident administratrix is not permitted to interfere with the administration of the estate while pending in the Probate Court. We are cited to Campbell v. Hughes, 144 Ala. 393, 42 So. 42, which, as we read and understand it, in no manner conflicts with the authorities hereinabove noted and with the conclusion here reached.

Counsel for appellant also cites a number of our authorities (among them Nance v. Gray, 143 Ala. 234, 38 So. 916, 5 Ann. Cas. 55; Waring v. Lewis, 53 Ala. 615; Van Hoose v. Bush, 54 Ala. 342) as to the legal title vesting in the administrator to choses in action, debts and the like. These cases are likewise here not in conflict.

The administration of the estate of Lee Case, deceased, is a single and continuous proceeding, and complainant is merely seeking a final settlement and accounting thereof and the proper distribution of the assets. Dillard v. Gill, 231 Ala. 662, 166 So. 430; Hale v. Cox, 233 Ala. 573, 173 So. 82. And under our statute the administrator has the title to the personal property and charged with the duty of collecting and reducing such property to possession. Title 61, § 189, Code 1940; Arledge v. Ellison, 247 Ala. 190, 23 So.2d 389.

But we forego further discussion. The bill is properly filed and the demurrer correctly overruled. The decree is due to be affirmed. It is so ordered.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.